COMMONWEALTH *vs.* THOMAS GAFLEY.

Norfolk. March 26. — 27, 1877. LORD, J., absent.

Evidence of the finding, in the cellar of a dwelling-house, of two barrels of ale, one full, and one partly full and on tap, a keg, two jugs and two bottles of whiskey, two bottles of beer and three bottles of ale, and in a room of the house a number of lager beer glasses and a pitcher with a little ale in it; that a carriage had stopped at the house, from which a man went in, soon came out with a pitcher and glasses, and, to an inquiry if he had some water, replied that he had something better; and that drovers had frequently been seen to stop and go into the house, leaving their cattle in the street, and to come out in a few minutes; is sufficient to warrant a jury in finding that the house was kept for the unlawful sale or unlawful keeping of intoxicating liquors.

INDICTMENT on the Gen. Sts. *c.* 87, §§ 6, 7, for keeping and maintaining on May 1, 1876, and on divers other days between that day and the day of the finding of the indictment, a certain tenement in Brookline, for the illegal sale and illegal keeping of intoxicating liquors, said tenement being then and there a common nuisance.

At the trial in the Superior Court, before *Aldrich*, J., two police officers testified that on one occasion during the period covered by the indictment they visited the defendant's place

with a search-warrant to search for intoxicating liquors, that they found in the cellar two barrels of ale, one full, and one partly full and on tap, one keg, two jugs, and two bottles of whiskey, two bottles of beer, and three quart bottles of ale ; that in a room in the same house, occupied by the defendant, they found four or five lager beer glasses, and a pitcher with a little ale in it. There was also evidence that on another occasion, during the same period, a carriage containing a man and some women stopped in front of this house; that the man went in, and soon came out with a pitcher and some glasses, and to an inquiry if he had some water, replied that he had something better. It also appeared that this house was located on the highway to Brighton, and that during the same period drovers had frequently been seen to stop and go into this place, leaving their cattle in the street, and come out in a few minutes. The house was a dwelling-house. This was all the evidence offered by the government, and no objection was made to its admissibility.

The defendant offered no evidence, but asked the judge to rule that the evidence was insufficient to warrant a conviction. The judge declined so to rule, and submitted the case to the jury with appropriate instructions. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*C. A. Williams,* (*M. Williams, Jr.*, with him,) for the defendant.

*W. C. Loring,* Assistant Attorney General, ( *C. R. Train,* Attorney General, with him,) for the Commonwealth.

BY THE COURT. The whole evidence, taken together, (having been admitted without objection to its competency, and therefore not being now open to any such objection,) was sufficient, in the opinion of a majority of the court, to warrant a jury in finding that the defendant's tenement was kept by him for the unlawful sale or unlawful keeping of intoxicating liquors.

*Exceptions overruled.*