(No. 21892.—

HILDEGARDE GEBHARDT, Defendant in Error, *vs.* THE VIL-
LAGE OF LAGRANGE PARK, Plaintiff in Error.

*Opinion filed October 21, 1933—Rehearing denied Dec. 22, 1933.*

HERRICK and FARTHING, JJ., dissenting.

STEVENS, CARRIER & GRIFFITH, for plaintiff in error.

FREDERICK A. GARIEPY, and OWEN RALL, for defendant in error. .

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here by writ of *certiorari* to review the judgment of the Appellate Court for the First District affirming on appeal the judgment of the circuit court of Cook county in an action brought by defendant in error by her next friend, for injuries received while riding in an automobile with one Charles Smith, a servant of the plaintiff in error village. The suit was originally filed against plaintiff in error, Marshall Field & Co. and Smith. On trial Smith was defaulted. Marshall Field & Co. was dismissed out of the case by directed verdict and a judgment for $3500 was entered against plaintiff in error and Smith. Smith did not appeal. The plaintiff in error village appealed to the Appellate Court for the First District, and the judgment of the circuit court was there affirmed.

The facts are that the plaintiff in error village, under authority of an act of the legislature, passed an ordinance establishing a playground and recreation board for the village and appointed three members, to serve without compensation. The ordinance gave to the board powers enumerated by the statute, which were, to maintain and equip playgrounds and recreation centers within or beyond the corporate limits of the village, to employ play-leaders, directors, supervisors, recreation superintendents and other officers and employees as the board might deem proper. By amendment the statute conferred on such board the power to provide swimming pools. (Cahill's Stat. 1931, chap. 24, pars. 631-34.) For about six weeks prior to July 14, 1927, the date on which defendant in error was injured, the defendant Charles Smith, by direction of the chairman of the recreation board, had been using the village truck, of

which he was the driver, to convey children to and from the Belmont swimming pool, located about eight miles from the plaintiff in error village. On July 14, 1927, owing to the inclemency of the weather, the chief of police directed Smith to use his (Smith's) automobile instead of the village truck to convey the children to and from the swimming pool. On returning that afternoon, while proceeding east on Ogden avenue, a public highway, Smith's car collided with a truck of Marshall Field & Co. and defendant in error was injured.

It is contended by plaintiff in error, first, that the village, through its recreation board, was not operating the Belmont swimming pool; and second, assuming that it was so operating this swimming pool and that Smith was its agent, the village was in the exercise of a governmental function and was not liable for damages. The latter is the principal question in the case, and in consideration thereof we will assume that the village was maintaining the Belmont swimming pool; that Charles Smith was the agent of the village, and that it was through his negligence that the injury occurred. This brings us to the question, then, whether the maintenance of a swimming pool is a governmental or proprietary function. If it be the former, the doctrine of *respondeat superior* has no application and the village may not be held liable for damages arising out of the negligence of its servants in the discharge of that function. This rule is generally accepted. (*Roumbos* v. *City of Chicago,* 332 Ill. 70, and cases there cited.) Indeed, counsel for defendant in error do not contend otherwise. If the function is a corporate or proprietary one, as it is sometimes called, the doctrine of *respondeat superior* does apply, and the municipality is liable for damages arising out of the negligence of its servants in the discharge of that function.

The question whether the maintenance of a swimming pool by a city or village is a governmental or proprietary

function is one which has not heretofore engaged the attention of this court. There is substantial contrariety of opinion in courts of last resort in this country on the question whether the maintenance of parks and playgrounds, swimming pools, and the like, is a governmental function. Among those holding that it is not, are Colorado, Missouri, New York, Pennsylvania and West Virginia. ᐧ (*City of Denver* v. *Spencer,* 34 Col. 270, 82 Pac. 590; *Capp* v. *City of St. Louis,* 251 Mo. 345, 158 S. W. 616; *Ehrgott* v. *New York,* 96 N. Y. 264, 48 Am. Rep. 622; *Barthold* v. *City of Philadelphia,* 154 Pa. 109, 26 Atl. 304; *Warden* v. *City of Grafton,* 99 W. Va. 249, 128 S. E. 375.) Among those States holding that the maintenance of parks and playgrounds is a governmental function, are California, Kansas, Georgia, Kentucky, Massachusetts, Michigan, Minnesota, Nebraska, New Jersey, Rhode Island, Connecticut, Tennessee, Washington, Wisconsin and Iowa. *Kellar* v. *City of Los Angeles,* 179 Cal. 605, 78 Pac. 505; *Harper* v. *City of Topeka,* 92 Kan. 11, 139 Pac. 1018; *City of Warrenton* v. *Smith,* 149 Ga. 567, 101 S. E. 681; *Board of Park Comrs.* v. *Prinz,* 127 Ky. 460, 105 S. W. 948; *Bolster* v. *City of Lawrence,* 225 Mass. 387, 114 N. E. 722; *Heino* v. *City of Grand Rapids,* 202 Mich. 363, 168 N. W. 512; *Emmons* v. *City of Virginia,* 152 Minn. 295, 188 N. W. 561; *Caughlan* v. *City of Omaha,* 103 Neb. 726, 174 N. W. 220; *Bisbing* v. *Asbury Park,* 80 N. J. L. 416, 78 Atl. 196; *Blair* v. *Granger,* 24 R. I. 17, 51 Atl. 1042; *Hannon* v. *City of Waterbury,* 136 Atl. (Conn.) 876; *Mayor of Nashville* v. *Burns,* 131 Tenn. 281, 174 S. W. 1111; *Nelson* v. *City of Spokane,* 104 Wash. 219, 176 Pac. 149; *Bernstein* v. *City of Milwaukee,* 158 Wis. 576, 149 N. W. 382; *Mocha* v. *City of Cedar Rapids,* 214 N. W. (Iowa) 587.

The principle upon which freedom from liability for damages occasioned by the servants of a municipality is based, rests, in turn, on the fact that the duty of the mu-

nicipality is owed to the public, and though the neglect causing the injury may prove of damage to the individual affected, the benefit of the discharge of such function to the public generally is deemed an outweighing consideration and so justifies immunity to the municipality. (*Hill* v. *Boston,* 122 Mass. 334, 23 Am. Rep. 332.) If public parks, playgrounds and swimming pools are examples of municipal functions undertaken for the public benefit as distinguished from their maintenance for corporate profit they must be brought within the rule of governmental immunity. One question, considered in some of the cases as of importance, is whether the duty is imposed on the municipality or is permissive, as one voluntarily assumed. That question is recognized by this court in *Roumbos* v. *City of Chicago, supra.* It is there also recognized, however, that such question is but one consideration in determining the character of the function discharged by the municipality. Governmental function is to be determined, if it exists, from the nature of the duty to be discharged or the act to be done. If the duty involves a general public benefit not in the nature of a corporate or business undertaking for the corporate benefit and interest of the municipality, the function is governmental whether the duty be directly imposed upon the city or is permissive—that is, one voluntarily assumed. A bathing beach or swimming pool is maintained under powers granted to the city or village and as an instrument for the general public health, recreation and exercise. It is not imposed on the municipality but is optional with it. That fact alone, however, may not be said to determine whether in maintaining such swimming pool the municipality acts in a governmental or proprietary capacity. The nature and effect of the function discharged must be examined to determine that question. (*Bisbing* v. *Asbury Park, supra.*) Such function in nowise partakes of the nature of a corporate business or undertaking for profit

but is by its nature a public benefit. The municipal purpose in providing such means of recreation and health differs widely from that found in conducting a business enterprise for private gain.

Among the aims of government are those to foster and promote health, comfort, recreation and sanitary conditions for the public, and unless specifically limited to certain classes of persons or to citizens of the village itself such benefit extends to the public generally. The officers appointed by the village under the authority of the statute are officers of that municipality charged with the duty to thus promote the general welfare. To attain such an object is one of the primary purposes of government. Such a swimming pool is open to the public. The fact that a fee is charged for its use does not destroy its character as a public place for recreation and health. (*Carstens* v. *City of Wood River,* 344 Ill. 319.) We are of the opinion that not only the weight of authority in this country, but likewise the better reasoning, supports the rule that in the absence of a statute imposing such liability a city or village maintaining a swimming pool is not pecuniarily liable for the negligence of its officers or servants in the discharge of their duties relating to that particular function. Here, by ordinance authorized by the statute referred to, the village of LaGrange Park appointed commissioners to discharge the duties and exercise the powers provided in the act, and when the act was amended so as to empower villages to maintain swimming pools, such additional powers were thereby vested in the board appointed by the village. Assuming, therefore, as argued by defendant in error, that all acts necessary to be done were done by the board of commissioners appointed by the village concerning the maintenance of a swimming pool, we are of the opinion that in so doing the village was engaged in a governmental and not a proprietary function and that the general rule as to exemption from liability for

negligence applies. This being so, the judgment against the village cannot stand.

The judgment in this case was against both the defendant Smith and the village. The village alone appealed. It was error, however, to refuse to instruct the jury to find the issues for the defendant village. This conclusion controls the decision of this case.

The judgments of the Appellate and circuit courts are reversed and the cause remanded to the circuit court of Cook county. *Reversed and remanded, with directions.*

HERRICK and FARTHING, JJ., dissenting: We do not think that this is a governmental function.