(No. 2149—)

GEORGE E. BROWN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 11, 1934.*

CHARLES P. KANE, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed his complaint herein on April 14, 1933, and alleges therein that on the 19th day of October A. D. 1931 he was driving his automobile in a northerly direction on S. B. I. Route No. 2, at a point about two miles south of the city of Bloomington; that he was in the exercise of all due care and caution for his own safety; that it was the duty of the respondent, through its employees and agents, to keep and maintain said public highway in such condition as not to endanger the life, limb or property of persons traveling upon the same; that said respondent disregarded its duty in that behalf, and through its employees or agents carelessly and negligently barricaded, obstructed and blocked said highway and failed to place a warning light or signal thereon, and that by reason of such negligence and carelessness, the claimant, together with his said motor vehicle, was thrown against and upon said obstruction or barricade and the motor vehicle was forced off the road into a ditch, whereby the claimant sustained serious injuries, and his motor vehicle was damaged and destroyed; for all of which said damages the claimant seeks to recover in this case.

The Attorney General contends that there is no liability on the part of the State, and that the case should be dismissed.

This court has repeatedly held that in the maintenance of its hard-surfaced roads the State of Illinois is acting in a governmental capacity, and that the doctrine of respondeat superior does not apply to the State in the exercise of any of

its governmental functions, in the absence of a Statute making it so liable. *Braun* vs. *State of Illinois*, 6 C. C. R. 154; *Chumbler* vs. *State*, 6 C. C. R. 138; *Bucholz* vs. *State*, 7 C. C. R. 241.

Our Supreme Court, in numerous cases, has held this to be the law. *Minear* vs. *State Board of Agriculture*, 250 Ill. 546; *Kinnare* vs. *City of Chicago*, 171 Ill. 332; *Gebhardt* vs. *Village of LaGrange Park*, 354 Ill. 234.

In the absence of a legal liability on the part of the State if the State were suable, we have no jurisdiction to allow an award. *Crabtree* vs. *State*, 7 C. C. R. 207; *Johanna Morrissey*, vs. *State*, No. 2233, decided at the January term, 1934.

Under the well established law of this State, there is no legal liability on the part of the State, and award must therefore be denied.

Award denied. Case dismissed.