(No. 2062—

GOLDIE RYAN, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1935.*

J. A. MERRY AND EDWARD E. ADAMS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant, Goldie Ryan, filed her complaint herein on January 20, 1933, and alleges therein that on the 10th day of November, A. D. 1932, she was in the possession of a certain Dodge sedan, and was driving the same in a southerly direction upon a certain public highway in Christian County, to-wit, S. B. I. Route 24, at a point between the City of Taylorville and the hamlet of Velma, in said county; that as she was driving said automobile on said highway and was ap-

proaching her home, which was on the east side of said highway, she held out her left hand plainly for the purpose of indicating that she intended to make a left-hand turn from the highway into the driveway of her home; that at the same time one Walter L. Moody, Chief of the State Highway Police, was driving a Chrysler sedan, the property of the State, in the exercise of his duties as such Chief of Highway Police, and going in the same direction as the claimant, to-wit, in a southerly direction; that it was the duty of said Walter L. Moody to drive and operate his said car with reasonable care and caution, so as to avoid injury to persons lawfully upon said highway; that said Moody disregarded his duty in that behalf and drove his said automobile at an excessive rate of speed, to-wit, sixty-five (65) miles an hour, and so negligently, carelessly and recklessly managed said car, that he failed to see, or disregarded the signal made by the claimant, and attempted to pass the claimant upon her left, just as she was turning into the driveway of her home, whereby the automobile so being driven by said Walter L. Moody as aforesaid, ran and struck with great force and violence upon the automobile then and there being driven by the claimant, whereby she was greatly bruised and injured in and about her person and was incapacitated for work for the period of two weeks; for which injuries she seeks to recover herein.

The Attorney General has entered a motion to dismiss the case for the reason that there is no liability on the part of the State of Illinois under the facts set forth in the complaint filed.

There can be no question but what the State in the maintenance of its State Highway Police is acting in a governmental capacity. This court has repeatedly held that the State, in the exercise of its governmental functions, is not liable for the negligence of its servants and agents under the doctrine of *respondeat superior,* in the absence of a Statute making it so liable. *Morrissey* vs. *State,* 2 C. C. R. 254; *Tuttle* vs. *State,* 5 C. C. R. 3; *Peterson* vs. *State,* 6 C. C. R. 77; *Chumbler* vs. *State,* 6 C. C. R. 138; *Braun* vs. *State,* 6 C. C. R. 104; *Derby* vs. *State,* 7 C. C. R. 145; *Bucholz* vs. *State,* 7 C. C. R. 241.

This rule is supported by numerous decisions of the Supreme Court of this State. *Hollenbeck* vs. *County of Winnebago*, 95 Ill. 148; *City of Chicago* vs. *Williams*, 182 Ill. 135; *Kinnare* vs. *City of Chicago*, 171 Ill. 332; *Minear* vs. *State Board of Agriculture*, 259 Ill. 549; *Gebhardt* vs. *Village of LaGrange Park*, 354 Ill. 234.

There being no legal liability on the part of the State if the State were suable, this court has no jurisdiction to enter an award. *Crabtree* vs. *State*, 7 C. C. R. 207; *Morrissey* vs. *State*, No. 2233, decided at the January term, 1934, of this court.

The motion of the Attorney General will therefore be sustained and the case dismissed.