(No. 1985— )

AMELIA STREITMATTER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 12, 1935.*

J. EDWARD RADLEY, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed her complaint herein on September 19, 1932 and alleges therein in substance that on July 31, 1932

she was the owner of a Town Sedan Ford which was then and there being used and operated by the respondent through its servants and agents in transporting troops of the Illinois National Guard from the Armory in Peoria to the rifle range seven (7) miles north of said city; that said auto while being used for such purpose, was damaged, broken and destroyed.

The complaint also avers that the agent of the respondent who was operating said automobile as aforesaid, was in the exercise of ordinary care and caution for his own safety, and had due regard for the rights of other automobiles in and upon said highway; that the coroner's inquest found that said accident was unavoidable; that a board of officers impanelled to investigate said accident found that no blame attached to the respondent or its servant driving and operating said automobile; and that by reason of the loss of her car as aforesaid, claimant has sustained damages in the amount of Seven Hundred Dollars ($700.00).

The Attorney General has moved to dismiss the case for the reason that there is no liability on the part of the respondent under the facts set forth in the complaint.

This court has no authority to allow an award in any case unless there would be a legal liability on the part of the State to pay the same if the State were suable. *Crabtree* vs. *State,* 7 C. C. R. 207; *Watkins* vs. *State,* 6 C. C. R. 172; *Perry* vs. *State,* 6 C. C. R. 81; *Peterson* vs. *State,* 6 C. C. R. 77.

The complaint does not allege any negligence on the part of the respondent;—on the contrary, it alleges that no blame attached to the respondent or its agent who was operating the car. Even if the accident had resulted from the negligence of the servants and agents of the respondent, there would be no liability on the part of the respondent in the absence of a Statute making it liable therefor. *Kinnare* vs. *City of Chicago,* 171 Ill. 332; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; *Gebhardt* vs. *Village of LaGrange,* 354 Ill. 234.

There being no liability on the part of the State under the facts set forth in the complaint, award must be denied.

Award denied. Case dismissed.