(No. 2498—

H. C. HUSSMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1935.*

H. C. HUSSMAN, Pro Se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

This case is submitted upon a stipulation of facts from which it appears that for some time prior to the 18th day of March, A. D. 1934, claimant was a CWA worker assigned to duty as a carpenter at the Illinois State Arsenal, at Springfield, under the direction of the custodian of said building, to assist in the repair work then being done thereon. Claimant commenced work on December 19, 1933, and continued such work until the destruction of the building by fire on February 18, 1934. Claimant furnished his own tools which, during the course of the work, were kept in his own chest in a room provided with a lock and key, which room was furnished by the custodian of the building for that purpose, for the convenience of the claimant and other workers.

A fire occurred in said building between eleven o'clock a. m., and one o'clock p. m., on Sunday, February 18, 1934, the origin of which does not appear from the stipulation, and the chest of tools belonging to the claimant, together with other tools in said room, were destroyed or rendered of no value, as the result of the fire.

Claimant seeks to recover the value of his tools thus destroyed and has filed his claim herein for the sum of $122.50.

From the facts contained in the stipulation, it appears that the leaving of his tools in the Armory by the claimant was for his own convenience and without charge, and therefor constituted a bailment for the sole benefit of the bailor.

Under the ordinary law of bailments of this class, the bailee is liable where the destruction of the property bailed is the result of gross negligence on his part. In this case, however, where the State is bailee a different rule applies. In the conduct and maintenance of the State Arsenal, the State is engaged in a governmental function and the rule has been repeatedly announced in this and other courts, that in the exercise of a governmental function the State is not liable for the negligence of its servants and agents in the absence of a Statute making it so liable. *Kinnare* vs. *City of Chicago,* 171 Ill. 332; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; *Gebhardt* vs. *Village of LaGrange Park,* 354 Ill. 234; *Chumbler* vs. *State,* 6 C. C. R. 138; *Braun* vs. *State,* 6 C. C. R. 104; *Bucholz* vs. *State,* 7 C. C. R. 241.

Consequently there can be no liability in this case, even if there was any evidence to show that the fire which destroyed the articles bailed was the result of gross negligence on the part of the servants and agents of the respondent.

Award must therefore be denied.

Award denied. Case dismissed.