(No. 2477—

JOSEPH MARTIN AND HAROLD KELLERMAN, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1935.*

NELSON B. LAYMAN, for claimants.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

The complaint herein alleges in substance that on June 4, 1934, about 7:40 p. m., the claimant, Joseph Martin, was driving his team and wagon in an easterly direction on S. B. I. Route No. 152, at a point about one and one-quarter miles east of Pyatt Station in Perry County; that the claimant, Harold Kellerman, was an employee of the claimant, Joseph Martin, and was riding as a passenger in said wagon; that the claimants were in the exercise of all due care and caution and that said wagon was being driven on the right of the center of the concrete roadway; that at that time one Tangman who was then and there in the employ of the respondent as a maintenance police patrolman, was driving a motorcycle of the defendant on said road and was travelling in the same direction as claimants; that said Tangman was traveling at a high rate of speed and negligently drove said motorcycle against the rear end of the wagon in which the claimants were riding, whereby said claimants were thrown from said wagon to the ground, the wagon was destroyed, the horses injured, and claimants each sustained personal injuries and lost work as the result thereof; for all of which the claimant, Joseph Martin, seeks to recover the sum of $341.00, and the claimant, Harold Kellerman, the sum of $21.00.

The Attorney General has filed a motion to dismiss the case for the reason that there is no liability on the part of the State under the facts alleged in the complaint.

The complaint apparently is drawn upon the theory that the State is liable the same as a private corporation would be for the negligence of its servants and agents. Such, however, is not the law. We have uniformly held that in the maintenance of its hard-surfaced roads, and in the maintenance of its State police, the State is engaged in a governmental function. We have also held in numerous cases that in the exercise of its governmental functions, the State is not liable under the doctrine of *respondeat superior* for the negligence of its servants and agents in the absence of a Statute making it so liable. *Morrissey* vs. *State,* 2 C. C. R. 254; *Tuttle* vs.

*State*, 5 C. C. R. 3; *Peterson* vs. *State*, 6 C. C. R. 77; *Chumbler* vs. *State*, 6 C. C. R. 138; *Braun* vs. *State*, 6 C. C. R. 104; *Derby* vs. *State*, 7 C. C. R. 145; *Bucholz* vs. *State*, 7 C. C. R. 241.

This rule is supported by numerous decisions of the Supreme Court of this State. *Hollenbeck* vs. *County of Winnebago*, 95 Ill. 148; *City of Chicago* vs. *Williams*, 182 Ill. 135; *Kinnare* vs. *City of Chicago*, 171 Ill. 332; *Minear* vs. *State Board of Agriculture*, 259 Ill. 549; *Gebhardt* vs. *Village of LaGrange Park*, 354 Ill. 234.

There being no legal liability on the part of the State if the State were suable, this court has no jurisdiction to enter an award. *Crabtree* vs. *State*, 7 C. C. R. 207; *Morrissey* vs. *State*, No. 2233, decided at the January term, 1934, of this court.

The motion of the Attorney General will therefore be sustained and the case dismissed.