(No. 2604—

GEORGE MCGREADY AND JOHN DELUISE, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 11, 1935.*

ALOIS S. KNAPP, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The complaint herein alleges that on December 23d, 1934, about six o'clock A. M., claimants were traveling in the automobile of the claimant, George McGready, in a westerly direction on U. S. Highway No. 20, between the cities of Chicago and Elgin; that it was dark and the road was icy and slippery; that one of the highway trucks of the respondent was standing on said highway near the foot of a hill; that as claimants drove over such hill they could not see the aforementioned truck; that no light, lantern or flare was placed on or about such truck; that although claimants were in the exercise of all due care and caution, they could not prevent the car in which they were riding from running, skidding and sliding into the truck of the respondent; that as the result of such collision, the automobile of the claimant McGready was damaged and the claimant John DeLuise sustained personal injuries; for which compensation is sought in this proceeding.

Claimants base their right of action on the negligence of the employees of the State Highway Department in charge of such truck.

The Attorney General has filed a motion to dismiss on the ground that the doctrine of respondeat superior has no application to the State under the facts alleged in the complaint.

In the maintenance of its durable hard-surfaced roads, the State of Illinois is engaged in a governmental function. *Elsie Baumgart* vs. *State,* decided at the November Term, 1934, of this court; *Goldie Ryan* vs. *State,* decided at the January Term, 1935 of this court; *Bucholz* vs. *State,* 7 C. C. R. 241; *Braun* vs. *State,* 6 C. C. R. 104; *Chumbler* vs. *State,* 6 C. C. R. 138.

In the exercise of its governmental functions, there is no liability on the part of the State for the negligence of its servants and agents, in the absence of a statute making it so liable. *Hollenbeck* vs. *County of Winnebago,* 95 Ill. 148; *City of Chicago* vs. *Williams,* 182 Ill. 135; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; *Gebhardt* vs. *Village of LaGrange Park,* 354 Ill. 234; 25 R. C. L., p. 407, Sec. 43.

There is no statute in this State making the respondent liable under the facts alleged in the complaint, and the motion of the Attorney General must therefore be sustained. The liability, if any there be, rests upon the employee in charge of the truck in question, and not upon the State.

The motion to dismiss will be allowed. Case dismissed.