(No. 2597— )

LESTER A. ROYAL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 11, 1935.*

KELLY & PRATT, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed his complaint herein on February 7th, 1935 and alleges therein that on the 24th day of September, A. D. 1934, about nine o'clock A. M., he was driving his automobile on a public highway about one and one-half miles west of Somonauk, in this State; that at the same time a motor truck of the respondent in the service of the Highway Department was being driven in the same direction, just ahead of claimant's automobile; that as claimant approached said truck he sounded his horn, and proceeded to pass the truck on the left side of the road; that just as claimant's car was abreast of the truck, the driver thereof, without any warning to the claimant, turned said truck to the left, across the left traffic lane and in front of claimant's car, striking the same and forcing it from the road, whereby it was damaged to the extent of $150.00. The complaint alleges that the claimant was at all times in the exercise of all due care and caution, and that the accident in question resulted from the careless and negligent manner in which the driver of the respondent's truck drove and operated the same.

The Attorney General has filed a motion to dismiss for the reason that the State is not liable for the negligence of its servants and agents under the doctrine of respondeat superior.

This court has held in numerous cases that in the maintenance of its durable hard-surfaced roads, the State is engaged in a governmental function. *Goldie Ryan* vs. *State,* decided at the January Term, 1935 of this court; *Elsie Baumgart* vs. *State,* decided at the November Term, 1934 of this court; *Chumbler* vs. *State,* 6 C. C. R. 138; *Bucholz* vs. *State,* 7 C. C. R. 241; *Braun* vs. *State,* 6 C. C. R. 104.

The law is well settled that in the exercise of its governmental functions the State is not liable for the acts of its servants and agents, in the absence of a statute making it so liable. *Hollenbeck* vs. *County of Winnebago,* 95 Ill. 148; *City of Chicago* vs. *Williams,* 182 Ill. 135; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; *Gebhardt* vs. *Village of LaGrange Park,* 354 Ill. 234; 25 R. C. L., p. 407, Sec. 43.

Claimant contends that even if the State is not liable under the doctrine of respondeat superior, this court should allow an award on the grounds of equity and good conscience. The jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the

State either at law or in equity, if the State were suable. Unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure such an award. *Crabtree* vs. *State,* 7 C. C. R. 207; *Johanna Morrissey* vs. *State,* decided at the January Term, 1934, of this Court; *Andrew Rehman* vs. *State,* decided at the January Term, 1935 of this court; *Peterson* vs. *State,* 6 C. C. R. 77; *Perry* vs. *State,* 6 C. C. R. 81.

There being no statute making the State liable for the acts of its servants and agents under the facts of this case, the motion of the Attorney General must be sustained. The liability, if any, rests upon the driver of the truck, and not upon the State.

The motion to dismiss is therefore allowed and the case dismissed.