(No. 2418— )

MATTIE B. JONES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 10, 1936.*

JOHN R. McSWEENEY, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On June 25th, 1932 claimant was driving an automobile in a northerly direction on S. B. I. Route 44. At a point just southeast of the corporate limits of the city of Manhattan, she lost control of the car on account of wet pavement there, and the car skidded onto the shoulder of the highway, and toppled into a drainage ditch located on said highway at a distance of about eleven feet from the concrete slab.

Claimant alleges that as a result of such accident she sustained severe and permanent injuries, and on August 28th, 1934 filed her complaint in this court in which she asks for an award in the amount of $10,000.00 for the injuries so sustained.

Claimant bases her right of recovery upon the alleged negligence of the respondent in the maintenance of its said highway, and particularly with reference to the shoulder thereof, and the drainage ditch immediately adjacent thereto.

The Attorney General has moved to dismiss the case on the ground that there is no liability on the part of the respondent under the facts set forth in the complaint.

In the maintenance of its hard-surfaced roads, the State is engaged in the exercise of a governmental function.

*Chumbler* vs. *State,* 6 C. C. R. 138.

*Stoddard* vs. *State,* 6 C. C. R. 27.

*Bucholz* vs. *State,* 7 C. C. R. 241.

*Baumgart* vs. *State,* 8 C. C. R. 220.

The law is well settled that in the exercise of its governmental functions, the State is not liable for the negligence of its servants and agents under the doctrine of *respondeat superior,* in the absence of a statute making it so liable.

*City of Chicago* vs. *Williams,* 182 Ill. 135.
*Minear* vs. *State Board of Agriculture,* 259 Ill. 549.
*Gebhardt* vs. *Village of LaGrange Park,* 354 Ill. 234.
*Braun* vs. *State,* 6 C. C. R. 104.
*Chumbler* vs. *State,* 6 C. C. R. 138.
*Bucholz* vs. *State,* 7 C. C. R. 241.
*Baumgart* vs. *State,* 8 C. C. R. 220.
*Ryan* vs. *State,* 8 C. C. R. 361.

There is no statute making the State liable in cases of this kind, and the motion of the Attorney General must therefore be sustained.

Motion sustained. Case dismissed.