(No. 2910— )

RALPH YOCUM, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed Decmber 8, 1936.*

MARTIN J. GANNON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed his complaint herein on June 2nd, 1936, and alleges therein that on February 6th, 1936, he was driving his motor vehicle in a southerly direction on S. B. I. Route No. 2 near the Village of Grand Detour in Lee County,

Illinois; that as he approached the Grand Detour bridge over the Rock River, and while he was in the exercise of all due care and caution, and while he was driving on his own proper side of the road, his motor vehicle collided with a truck owned by the respondent, and controlled and operated by its servants and agents; that said truck was carelessly and negligently parked on said highway without any signals of any kind to warn travelers thereof; that by reason of the carelessness and negligence of the servants and agents of the respondent as aforesaid, the motor vehicle of the claimant was damaged, and he sustained personal injuries, for which he asks an award.

The Attorney General has moved to dismiss the case for the reason that there is no liability on the part of the respondent under the facts set forth in the complaint.

We have held in numerous cases that the State, in the maintenance of its hard surfaced highways, is engaged in a governmental function.

*Chumbler* vs. *State,* 6 C. C. R. 136.
*Highland* vs. *State,* 6 C. C. R. 384.
*Bucholz* vs. *State,* 7 C. C. R. 241.
*Wilson* vs. *State,* 8 C. C. R. 72.
*Wetherholt* vs. *State,* 8 C. C. R. 100.

We have also repeatedly held that the State, in the exercise of its governmental functions, is not liable for the negligence of its servants and agents in the absence of a statute making it so liable.

*Braun* vs. *State,* 6 C. C. R. 104.
*Chumbler* vs. *State,* 6 C. C. R. 138.
*Bucholz* vs. *State,* 7 C. C. R. 241.
*Baumgart* vs. *State,* 8 C. C. R. 220.
*Childress* vs. *State,* 8 C. C. R. 223.
*Ryan* vs. *State,* 8 C. C. R. 361.
*Kramer* vs. *State,* 8 C. C. R. 31.
*Johnson* vs. *State,* 8 C. C. R. 67.
*Wilson* vs. *State,* 8 C. C. R. 72.

The law as above set forth is recognized in numerous decisions of our Supreme Court.

*Hollenbeck* vs. *County of Winnebago,* 95 Ill. 148.
*City of Chicago* vs. *Williams,* 182 Ill. 135.
*Minear* vs. *State Board of Agriculture,* 259 Ill. 549.
*Gebhardt* vs. *Village of LaGrange Park,* 354 Ill. 234.

There is no statute making the State liable under the facts set forth in the complaint, and the motion of the Attorney General must therefore be sustained.

Motion to dismiss sustained. Case dismissed.