(No. 2812—)

GEORGE CALVERT AND ROBLES MILLER, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 10, 1937.*

ASA J. WILBOURN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimants filed their complaint herein on January 22d, 1936 and allege therein substantially as follows:

That shortly prior to November 10th, 1936 respondent was engaged in widening the concrete slab on S. B. I. Route 2, at a point about one and one-half miles south of the intersection thereof with S. B. I. Route 150, and just north of the City of Cairo; that upon completion of such work, the forms which had been used in connection therewith were removed from the slab and placed on the east side of said highway; that as a result of the removal of said forms, a trench was left between the east edge of said concrete slab and the dirt shoulder, said trench being of varying depths from eight to twelve inches, and of a width of from twelve to fifteen inches.

That at this point in the highway there was a row of trees along the east side thereof, at distances varying from one and one-half feet to four feet from the east edge of the concrete slab.

That on said 10th day of November, about twelve o'clock midnight, the claimant George Calvert was driving his automobile in a northerly direction on said S. B. I. Route 2, and the claimant Robles Miller was riding with him; that at the point aforesaid they met another automobile which was proceeding in a southerly direction; that the claimant George Calvert in passing said car drove his car to the east edge of said slab; that in so doing, the front wheel of his car went off the slab into the trench caused by the removal of said forms; that said Calvert attempted to turn his car back upon the slab but was unable to do so on account of the aforementioned trench, which caused said car to turn to the right, where it struck violently against a tree, and was completely demolished.

That as the result of such accident, claimants herein sustained personal injuries for which the said George Calvert claims damages in the amount of $1,500.00, and the said Robles Miller claims damages in the amount of $3,223.00.

The Attorney General has moved to dismiss the claims for the reason that the respondent is not liable under the facts set forth in the complaint.

This court has repeatedly held that the State, in the construction and maintenance of its hard-surfaced highways is engaged in a governmental function.

*Chumbler* vs. *State,* 6 C. C. R. 136;
*Highland* vs. *State,* 6 C. C. R. 384;
*Bucholz* vs. *State,* 7 C. C. R. 241;
*Wilson* vs. *State,* 8 C. C. R. 72;
*Wetherholt* vs. *State,* 8 C. C. R. 100.

Also that in the exercise of such governmental functions, it is not liable for the negligence of its servants or agents, in the absence of a statute making it so liable.

*Braun* vs. *State,* 6 C. C. R. 104;
*Chumbler* vs. *State,* 6 C. C. R. 138;
*Bucholz* vs. *State,* 7 C. C. R. 241;
*Baumgart* vs. *State,* 8 C. C. R. 220;
*Childress* vs. *State,* 8 C. C. R. 223;

*Ryan* vs. *State*, 8 C. C. R. 361;
*Kramer* vs. *State*, 8 C. C. R. 67;
*Johnson* vs. *State*, 8 C. C. R. 67;
*Wilson* vs. *State*, 8 C. C. R. 72.

Such decisions of this court are in harmony with repeated decisions of our Supreme Court.

*Hollenbeck* vs. *County of Winnebago*, 95 Ill. 148;
*City of Chicago* vs. *Williams*, 182 Ill. 135;
*Minear* vs. *State Board of Agriculture*, 259 Ill. 549;
*Gebhardt* vs. *Village of LaGrange Park*, 354 Ill. 234.

Under the facts set forth in the complaint, we have no authority to allow an award. The motion of the Attorney General is therefore sustained and the case dismissed.