(No. 2868— ▮▮▮▮▮)

AUDIE CRANK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 10, 1937.*

CHARLES DURFEE, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed her complaint herein on March 24th, 1936, and alleges therein that on August 1st, 1935 her husband, Albert Crank, was riding as a passenger in an automobile on one of the public streets in the Village of Vienna, Illinois; that while he was so riding, and while he was in the exercise of all due care and caution for his own safety, the automobile in which he was riding was struck by a truck which was then being driven by one of the servants and agents of the

respondent in the performance of his duties; that as the result of such collision the said Albert Crank sustained injuries from which he died on August 6th, 1935; that said Albert Crank left him surviving the claimant Audie Crank, his widow, and that as the result of the death of said Albert Crank as aforesaid, she has sustained damages in the amount of $10,000.00.

The Attorney General has moved to dismiss the case on the ground that the respondent is not liable for the negligent or wrongful acts of its servants and agents.

This court has held in numerous cases that the State is not liable for the negligent or wrongful acts of its servants and agents, in the absence of a statute making it so liable. A few of the more recent of such cases are the following: *George McCready, et al* vs. *State,* No. 2604, decided at the September Term, 1935; *Lester A. Royal* vs. *State,* No. 2597, decided at the September Term, 1935; *Frank J. Penick, et al* vs. *State,* No. 2640, decided at the September Term, 1935; *L. G. England* vs. *State,* No. 2394, decided at the September Term, 1935; *Lois Bass* vs. *State,* No. 2679, decided at the December Term, 1935; *K. B. Waterstreet* vs. *State,* No. 2740, decided at the December Term, 1935; and *Ralph Yocum* vs. *State,* No. 2910, decided at the November Term, 1936.

Such holding is in accordance with numerous decisions of our Supreme Court. *Hollenbeck* vs. *County of Winnebago,* 95 Ill. 148; *City of Chicago* vs. *Williams,* 182 Ill. 135; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; *Gebhardt* vs. *Village of LaGrange Park,* 354 Ill. 234.

Claimant contends, however, that notwithstanding this rule of law, she is entitled to an award on the grounds of equity and good conscience. The right of a claimant to an award solely on the grounds of equity and good conscience was considered by this court in the case of *Crabtree* vs. *State,* 7. C. C. R. 207, in which case the court, after an exhaustive review of the previous authorities on the subject, reached the following conclusion (p. 221):

"We conclude, therefore, that Section four (4) of Paragraph six (6) of the Court of Claims Act, which provides as follows, to wit: The Court of Claims shall have power: "to hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, ex contractu and ex delicto, which the State as a sovereign commonwealth, should in equity and good conscience, discharge and pay;" merely defines the jurisdiction of the court, and does not create a new liability against the State, nor increase or enlarge

any existing liability; that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State. either at law or in equity, if the State were suable; that this court has no authority to allow any claim unless there is a legal or equitable obligation on the part of the State to pay the same, however much the claim might appeal to the sympathies of the court; that unless the claimant can bring himself within the provision of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure such an award."

The law as laid down in the Crabtree case has been followed by this court in numerous cases decided since that time.

In the recent case of *Rocco Titone, et al* vs. *State,* No. 2473, decided at the present term of court, this question was again thoroughly considered and the previous conclusion adhered to.

There is no statute authorizing an award against the State in this case, and therefore we have no authority to allow such award.

If claimant has a right of action, it is against the driver of the truck, and not against the State.

The motion of the Attorney General is therefore allowed and the case dismissed.