(Nos. 2987, 2988, 2989, Consolidated—)

WILEY JENKINS, No. 2987, MARY E. JENKINS, No. 2988 and MAURICE HELLYER, BY WAYNE HELLYER, HIS FATHER AND NEXT FRIEND, No. 2989, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 14, 1937.*

CAVANAGH, LAMET & IRWIN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the Court:

' All of the above cases grew out of the same accident and involve the same principles of law, and inasmuch as all of the claimants are represented by the same counsel, the cases are consolidated for the purpose of this hearing.

The facts involved in said several cases, as set forth in the respective complaints on file, are as follows:

1. On August 6th, 1936 the claimant, Wiley Jenkins, was driving his Nash automobile in a westerly direction on Wabash Avenue in the City of Carthage in Hancock County, at the intersection of said Wabash Avenue with Scofield Street.

2. At that time Fred Ireland, a game warden and employee of the respondent in the Department of Conservation, was driving his automobile in a northerly direction on said Scofield Street.

3. The claimants, Mary E. Jenkins and Maurice Hellyer, were then and there riding in said Nash automobile.

4. While the claimant, Wiley Jenkins, was driving across the intersection of Wabash Avenue and Scofield Street as aforesaid, the automobile of the said Fred Ireland ran into and struck the rear end of the said Nash automobile and caused the same to turn over.

5. Each of the claimants was then and there in the exercise of all due care and caution.

6. As the result of the aforementioned collision the said Nash automobile was damaged, and the claimant, Wiley Jenkins, sustained injuries about the legs and burns about the eyes, for all of which he claims damages in the sum of $3,000.00.

7. As the result of said accident the claimant, Mary Jenkins, sustained severe and permanent injuries and cuts in and about the face and shoulders, for which she claims damages in the amount of $5,000.00.

8. As the result of said accident the claimant, Maurice Hellyer, sustained severe and permanent injuries and cuts in and about the face and body, for which he claims damages in the sum of $5,000.00.

The Attorney General has moved to dismiss each of said cases on the ground that there is no liability on the part of the respondent under the facts set forth in the several complaints.

This court has repeatedly held that the State is not liable for the negligent and wrongful acts of its servants and agents under the doctrine of *respondeat superior,* in the absence of a statute making it so liable. *Audie Crank* vs. *State,* No. 2868, decided at the January term, 1937, of this court, and cases there cited. *Goldie Ryan* vs. *State,* 8 C. C. R. 361, and cases there cited.

Such holding is in accordance with numerous decisions of our Supreme Court. *Hollenbeck* vs. *County of Winnebago,* 95 Ill. 148; *City of Chicago* vs. *Williams,* 182 Ill. 135; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; *Gebhardt* vs. *Village of LaGrange Park,* 354 Ill. 234.

The liability, if any, is upon the servant and not upon the State.

Under the law as above set forth, and under the facts set forth in the several complaints, we have no authority to allow an award. The motion of the Attorney General in each case is therefore allowed, and each case is dismissed.