(No. 2729— ▌▌▌▌▌)

LOWELL MAXWELL KELLY, A MINOR, BY W. F. KELLY, HIS NEXT FRIEND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 14, 1937.*

HASSEL B. SMITH, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed his complaint herein on September 24th, 1935 and alleges therein as follows:

1. That on September 28th, 1934, about four-thirty o'clock p. m., he was riding as a passenger in a Chevrolet

roadster, in an easterly direction on S. B. I. Route No. 14, about three miles east of McLeansboro.

2. That at that time and place Ray Rogers, an employee of the respondent in the Division of Highways, had charge of a crew of men who were engaged in clearing the underbrush from the right-of-way and burning the same.

3. That in connection with the work there being done, the said Ray Rogers left a State truck standing upon a portion of the concrete roadway, opposite a point where the men were engaged in burning underbrush as aforesaid; that the left side of said truck extended out into and over that portion of said highway which was customarily traveled by vehicles proceeding in an easterly direction.

4. That the burning of such underbrush caused a screen of smoke to hang over and cover the traveled portion of such roadway, at and near the place which said truck was standing.

5. That the point or place where said motor truck was stopped as aforesaid was about two hundred (200) feet east of the crown or top of a hill sloping to the eastward.

6. That said Ray Rogers carelessly and negligently failed to post signals warning the traveling public of the fact that said motor truck was obstructing a portion of said highway.

7. That by reason of the foregoing, and while the claimant was riding as a passenger in said automobile, and while he was in the exercise of all due care and caution for his own safety, the car in which he was riding, without any fault or negligence on the part of the driver thereof, struck the left rear corner of the aforementioned State truck, whereby the claimant sustained a compound fracture of the right arm at and near the elbow, as well as other bruises and injuries.

8. That the claimant has spent large sums of money for medical attention necessitated by such injuries, and his right arm has become permanently injured. Wherefore he claims damages in the amount of $10,000.00.

The Attorney General has entered a motion to dismiss the case for the reason that the respondent is not liable for the negligence of said Ray Rogers under the facts set forth in the complaint.

This court has repeatedly held that the State in the maintenance of its hard-surfaced roads is engaged in the exercise

of a governmental function. *Lester A. Royal* vs. *State,* No. 2597, decided at the September, 1935, term, and cases there cited.

We have also repeatedly held that in the exercise of its governmental functions, the State is not liable for the negligence of its servants and agents in the absence of a statute making it so liable. *Audie Crank* vs. *State,* No. 2868, decided January, 1937, term; *George McGready* vs. *State,* No. 2604, decided September, 1936, term; *Ryan* vs. *State,* 8 C. C. R. 361, and cases there cited.

This rule is in accordance with the uniform holding of our Supreme Court in cases involving cities, counties, school districts, park districts, and other municipal corporations, while engaged in the exercise of governmental functions. *Hollenbeck* vs. *County of Winnebago,* 95 Ill. 148; *City of Chicago,* vs. *Williams,* 182 Ill. 135; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; *Gebhardt* vs. *Village of LaGrange Park,* 354 Ill. 234.

Under the facts set forth in the complaint herein, and the law as above set forth, we have no authority to allow an award.

Award must therefore be denied. Award denied. Case dismissed.