(No. 3129—

LEO ROSENTHAL AND MAX ROSENTHAL, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 15, 1939.*

Claimant, pro se.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This is a claim for the sum of Ten Thousand Dollars ($10,000.00) filed against the State of Illinois, wherein it is alleged that the death of Clara Rosenthal, which occurred in

a State charitable institution, was caused by the negligence of the agents of the State. The only charge in a four page, single-spaced, typewritten complaint is: "My claim is based on negligence, foul play, false reports, and wilful hiding of facts as to my sister's condition."

The Attorney General moved to dismiss the complaint on the grounds that claimants failed to set forth a claim which the State of Illinois, as a sovereign commonwealth, should discharge and pay in that said claimants seek an award predicated upon liability in the respondent for the death of claimants' sister, an inmate of a charitable institution operated and maintained by respondent; said death alleged to have been caused by the wrongful and negligent acts and conduct of officers and employees of respondent employed at said institution.

The sister, Clara Rosenthal, was admitted to the Chicago State Hospital at Dunning, Illinois on November 10, 1932, and died at that institution on November 30, 1932. The claim was filed on October 8, 1937.

The complaint in this case is very lengthy and more or less argumentative and many immaterial things are set out, and no direct specific allegation is made of any conduct on the part of the officers or agents or employees of the State, which resulted in the death of claimants' sister. Neither is it shown the claimants were dependent upon this sister. The complaint is drawn on the theory that mistreatment and improper care at the institution was the cause of the death.

The State, in the operation of a charitable institution is engaged in a governmental function and is not liable for injury to, or death of, an inmate, resulting from the negligent or wrongful conduct of its officers or employees.

> *Monahan* vs. *State*, No. 3057;
> Court of Claims Opinion filed Aug. 19, 1937;
> *Hollenbeck* vs. *Winnebago County*, 95 Ill. 48;
> *Minear* vs. *State Board of Agriculture*, 259 Ill. 549;
> *Tollefson* vs. *City of Ottawa*, 288 Ill. 134;
> *Kinnare* vs. *City of Chicago*, 171 Ill. 332;
> *Gebhardt* vs. *Village of LaGrange Park*, 354 Ill. 234;
> *Fitzmaurice* vs. *State*, 6 C. C. R. 247;
> *Hazelwood* vs. *State*, 6 C. C. R. 259;
> *Heise* vs. *State*, 6 C. C. R. 267;

*Derby* vs. *State,* 7, 145;
*Jefferson* vs. *State,* 8, 228;
*Parks* vs. *State,* 8 C. C. R. 535.

The doctrine of "respondeat superior" does not apply to the State. The State, in the absence of statute, is not liable for the negligence or wrongful conduct of its agents, officers or employees.

*Walen* vs. *State,* 8 C. C. R. 501;
*Jefferson* vs. *State,* 8 C. C. R. 228;
*Childress* vs. *State,* 8 C. C. R. 223.

Where no liability exists upon which the State could be sued at law or in equity if it were suable, the Court of Claims has no jurisdiction to make an award.

*Crabtree* vs. *State,* 7 C. C. R. 207.

It will, therefore, be seen that respondent's position must be sustained.

It is well established that the State in the operation of a hospital for the insane is engaged in a governmental function and not liable for the wrongful or negligent acts of officers or employees of such institution resulting in injury to or death of a patient or inmate.

It is set forth that claimants' intestate, at the time of her death, was a patient of the state hospital for the insane located at Dunning, Illinois, and the claim is based upon the theory that the death was caused by mistreatment or improper care received at the hands of officers or employees of the institution.

The Court of Claims of this State has repeatedly denied such claims. The legal question involved has in the past been given thorough consideration. This Court has repeatedly held that in the management and operation of its charitable and penal institutions, the State is engaged in a governmental function, and has also repeatedly held that in the exercise of its governmental functions, the State is not liable for the negligence of its servants and agents under the doctrine of "respondeat superior" in the absence of a statute making it so liable.

From the above and foregoing, we determine that there is no liability on behalf of the State, and the claim should be, and is hereby dismissed.