(No. 3375—

ROMAN KOPPERT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 10, 1939.*

GARIEPY & GARIEPY, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed his complaint herein on May 6, 1939, and alleges therein in substance that on June 1, 1937, the respondent was possessed of and had control of a certain street or highway in the City of Chicago known as East 95th Street; that it was the duty of said respondent to keep said highway in good repair and safe condition for travel; that notwithstanding its duty in that behalf, the respondent wrongfully and negligently suffered and permitted said highway to be

and remain in a bad state of repair, and unsafe for traffic for a long time prior to said 1st day of June; that as the result thereof the claimant, while in the exercise of all due care and caution for his own safety, was caused to lose control of the motor vehicle which he was then and there driving, whereby the same ran into one of the pillars of a viaduct extending across said street; that as the result thereof the claimant received severe bodily injuries and was permanently disabled, and his automobile was damaged and destroyed; wherefore he claims damages in the sum of $10,000.00.

The Attorney General has entered a motion to dismiss the case on the ground that there is no liability on the part of the State under the facts set forth in the complaint.

This Court has repeatedly held that in the maintenance of its durable, hard-surfaced highways, the State is engaged in a governmental function; also that the doctrine of respondeat superior does not apply to the State, and that it is not liable for the carelessness or negligence of its servants or agents in the absence of a statute making it so liable. *Wilson* vs. *State*, 8 C. C. R. 72; *Baumgart* vs. *State*, 8 C. C. R. 220; *Royal* vs. *State*, 9 C. C. R. 67; *Crank* vs. *State*, 9 C. C. R. 379; *Wolfe* vs. *State*, No. 3215, decided May term, 1938.

This is in accordance with the repeated decisions of our Supreme Court. *Hollenbeck* vs. *County of Winnebago*, 95 Ill. 148; *City of Chicago* vs. *Williams*, 182 Ill. 135; *Minear* vs. *State Board of Agriculture*, 259 Ill. 549; *Gebhardt* vs. *Village of LaGrange Park*, 354 Ill. 234.

This Court has also repeatedly held that we have no authority to allow an award in any case where there would be no legal liability on the part of the State if the State were suable. *Crabtree* vs. *State*, 7 C. C. R. 207; *Titone* vs. *State*, 9 C. C. R. 389; *Atchison* vs. *State*, 9 C. C. R. 114.

Under the facts set forth in the complaint, we have no authority to allow an award. The motion of the Attorney General will therefore be sustained and the case dismissed.