(No. 3077— )

EVELYN MATHIEU, ADMINISTRATRIX OF THE ESTATE OF FLOYD MATHIEU, DECEASED AND GEORGE GARDNER, ADMINISTRATOR OF THE ESTATE OF TOMMIE GARDNER, DECEASED, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 11, 1941.*

GEORGE W. DOWELL and CARL PREIHS, for claimant.

GEORGE F. BARRETT, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The complaint herein alleges in substance as follows:

That for a long time prior to and on the 4th day of August, A. D. 1935, the respondent was the owner of and possessed of a certain bridge known as North Fork Bridge which was a part of S. B. I. Route No. 2 and was located about one and one-half (1½) miles north of the Village of Patoka; that the respondent through its Department of Public Works and Buildings and its Chief Highway Engineer carelessly and negligently constructed such bridge of a width of sixteen (16) feet, eight (8) inches, being one (1) foot, four (4) inches less than the concrete pavement on either side thereof; that such condition was dangerous to automobiles and trucks meeting or passing on such bridge; that on said 4th day of August, A. D. 1935, about eleven o'clock P. M. one Ross White was driving his truck in a southerly direction on said S. B. I. Route No. 2 over said bridge; that Floyd Mathieu and Tommie Gardner, as well as a number of other persons, were riding as passengers in said truck; that when said truck was near the south end of said bridge, another truck drove upon

said bridge from the south and collided with the truck in which the said Floyd Mathieu and Tommie Gardner were riding as passengers; that as a result thereof the said Floyd Mathieu and Tommie Gardner were killed; that thereafter Evelyn Mathieu was duly appointed Administratrix of the estate of said Floyd Mathieu, deceased, and George Gardner was duly appointed Administrator of the estate of said Tommie Gardner, deceased; that the said Floyd Mathieu and Tommie Gardner at the time of the accident were in the exercise of all due care and caution, and that said accident occurred as the result of the carelessness and negligence of the respondent in constructing and maintaining said bridge of the width of one (1) foot, four (4) inches less than the concrete pavement at either end of said bridge; and that each of said claimants seeks an award in the amount of Ten Thousand Dollars ($10,000.00).

The respondent has filed a motion to dismiss the complaint for the reason that it does not set forth a claim which the State of Illinois as a sovereign commonwealth should discharge and pay.

We have repeatedly held that in the construction and maintenance of its system of State highways the State is acting in a governmental capacity. *Spurrell* vs. *State,* 10 C. C. R. 74; *Tivnan* vs. *State,* 9 C. C. R. 495; *McGready* vs. *State,* 9 C. C. R. 63; *Baumgart* vs. *State,* 8 C. C. R. 220; *Bucholz* vs. *State,* 7 C. C. R. 241; *Braun* vs. *State,* 6 C. C. R. 104.

It has been uniformly held in this State that in the exercise of its governmental functions, the State is not liable for the negligence of its agents or employees, in the absence of a statute making it so liable. *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; *Gebhardt* vs. *Village of LaGrange Park,* 354 Ill. 234; *City of Chicago* vs. *Williams,* 182 Ill. 135; *Royal* vs. *State,* 9 C. C. R. 67; *Ryan* vs. *State,* 8 C. C. R. 361; *Wilson* vs. *State,* 8 C. C. R. 72; *James H. Wolfe, et al.* vs. *State,* 10 C. C. R. 324; 25 R. C. L. p. 407, sec. 43.

Under the law as above set forth, the motion of the respondent must be sustained.

Motion to dismiss allowed. Case dismissed.