(No. 3076—

Ross White, Andy Fris, Ted Dockerty, Ben Janchewski, John Saiz and Stanley Blakey, Claimants, *vs.* State of Illinois, Respondent.

*Opinion filed February 11, 1941.*

George W. Dowell and Carl Preihs, for claimants.

George F. Barrett, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The claimants, Ross White, Andy Fris, Ted Dockerty, Ben Janchewski, John Saiz and Stanley Blakey, filed their joint complaint in this court on the 5th day of April, A. D. 1937, and allege therein in substance that for a long time prior to and on the 4th day of August, A. D. 1935, the respondent was the owner of and possessed of a certain bridge known as North Fork Bridge, which was a part of S. B. I. Route No. 2 and was located about one and one-half (1½) miles north of the Village of Patoka; that the respondent through its Department of Public Works and Buildings and its Chief Highway Engineer carelessly and negligently constructed such bridge of a width of sixteen (16) feet eight (8) inches, being one (1) foot four (4) inches less than the concrete pavement on either side thereof; that such condition was dangerous to automobiles and trucks meeting or passing on such bridge; that on said 4th day of August, A. D. 1935, about eleven o'clock p. m., the claimant, Ross White, was driving his truck in a southerly direction on said S. B. I. Route No. 2 over said bridge; that the other claimants in this proceeding were riding as passengers in said truck; that when said truck was near the south end of said bridge, another truck drove upon said bridge from the south and sideswiped the truck in which the claimants were riding, whereby said last mentioned truck was damaged and each of the claimants sustained personal injuries; that the claimants were in the exercise of all due care and caution, and that said accident occurred as the result of the carelessness and negligence of the respondent in constructing and maintaining said bridge of the width of one (1) foot four (4) inches less than the concrete pavement at either end of said bridge; and that each of said claimants asks for an award in the amount of Two Thousand Dollars ($2,000.00).

The respondent has filed a motion to dismiss the complaint for the reason that it does not set forth a claim which

the State of Illinois as a sovereign commonwealth should discharge and pay.

We have repeatedly held that in the construction and maintenance of its system of State highways the State is acting in a governmental capacity. *Spurrell* vs. *State*, 10 C. C. R. 74; *Tivnan* vs. *State*, 9 C. C. R. 495; *McGready* vs. *State*, 9 C. C. R. 63; *Baumgart* vs. *State*, 8 C. C. R. 220; *Bucholz* vs. *State*, 7 C. C. R. 241; *Braun* vs. *State*, 6 C. C. R. 104.

It has been uniformly held in this State that in the exercise of its governmental functions the State is not liable for the negligence of its agents or employees, in the absence of a statute making it so liable. *Minear* vs. *State Board of Agriculture*, 259 Ill. 549; *Gebhardt* vs. *Village of LaGrange Park*, 354 Ill. 234; *City of Chicago* vs. *Williams*, 182 Ill. 135; *Royal* vs. *State*, 9 C. C. R. 67; *Ryan* vs. *State*, 8 C. C. R. 361; *Wilson* vs. *State*, 8 C. C. R. 72; *James H. Wolfe, et al.* vs. *State*, 10 C. C. R. 324; 25 R. C. L. p. 407, sec. 43.

Under the authorities above cited the motion of the respondent must be allowed.

Motion to dismiss allowed. Case dismissed.