Louis Goetzke, Appellee, v. City of Chicago, Appellant.

## Gen. No. 17,822.

1. MUNICIPAL CORPORATIONS—*liable for negligence though maintaining electric light plant in public capacity.* Where a city so negligently maintains an electric wire charged with a dangerous current, that it owns and maintains for street lighting purposes, as to cause it to fall into the street, injuring a pedestrian coming in contact with it, it is liable, although it maintained the electric light plant in its public, municipal capacity.

2. MUNICIPAL CORPORATIONS—*evidence of negligence in maintaining electric wires.* A pedestrian was injured by coming in contact with a municipal electric light wire that had fallen into a street. The wire was attached to a cross-arm by a sunken wooden pin into which was screwed a glass insulator. The cross-arm was found to be rotten and charred around the pin, which had sunk about an inch and had burned nearly through. The only inspection made was that by "trouble men" in charge of a large district, who in driving around looked at the poles from their vehicles, from which the dangerous condition could not be seen. The insulators were as safe as any when first used five years prior, but since then better and safer ones were in use in other cities. *Held,* a verdict for the plaintiff was supported by evidence.

3. MUNICIPAL CORPORATIONS—*care required in inspecting electric light wire.* In determining what inspection of municipal electric light wires is required, it is to be considered that the use of high voltage electric wires for lighting streets is attended with great danger, and the care required by a city using them must be commensurate with the danger.

4. DAMAGES—*when $25,000 for injury to hands is not excessive.* A person came in contact with a high voltage electric light wire, suffered great pain, lost three fingers of his right hand, severely

injured the thumb and forefinger and had practically no use of it left. He lost one finger and a part of another on his left hand and had left only the use of the thumb and forefinger. *Held*, a verdict of $25,000 was not excessive.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the HON. CHARLES A. McDONALD, Judge, Opinion filed November 18, 1912. *Certiorari* denied by Supreme Court (making opinion final).

WILLIAM H. SEXTON and N. L. PROTROWSKI, for appellant; MYER S. EMRICH and JOSEPH B. DAVID, of counsel.

THEODORE EHLER and JOHNSON & BELASCO, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

In the Superior Court plaintiff Goetzke recovered a judgment against the defendant the City of Chicago for $25,000 for injuries sustained by him August 13, 1908, by coming in contact with an electric light wire of the city, and the city appealed.

The defendant maintained an electric light pole at the northeast corner of Sixty-fourth, an east and west street, and Carpenter, a north and south street, and a similar pole on Sixty-fourth street, 136 feet west of the pole first mentioned. An electric wire carrying a current that made it highly dangerous ran from the pole on Sixty-fourth street east to a cross-arm at the top of said first mentioned pole, thence down eight or ten feet to an arc light attached to the pole, thence back to the cross-arm and thence to the pole on Sixty-fourth street. This wire extended over the sidewalk at the southeast corner of Carpenter and Sixty-fourth. It was attached to the cross-arm by a wooden pin sunk into the cross-arm. Screwed into the pin was a glass insulator, known as a single petticoat, around which the wire passed. The evidence for the plaintiff tended

to show that immediately after the accident an inspection showed that the cross-arm was rotten and charred around the pin, which had sunk down in the cross-arm about an inch; that the pin had been burned nearly through and had broke so that one end of it was in the cross-arm and the other in the insulator. By the breaking of the pin the wire was detached from the cross-arm and sagged so that at the southwest corner of Carpenter and Sixty-fourth it was only five feet or less above the sidewalk. Plaintiff was passing along the sidewalk at said corner about 1:30 a. m., came in contact with the wire and his hands were badly burned and injured. For the injuries thus sustained he recovered the judgment appealed from.

The declaration contains the following averments of negligence:

The second count avers that:

"Defendant carelessly, wrongfully and negligently permitted and allowed said pole and poles aforesaid and said cross-arms and said pins aforesaid and the said glass insulators on said pins aforesaid, and the said wire and wires aforesaid, to be and remain weak, rotten, unsafe and dangerous and so that the same was liable to burn, short circuit and to fall."

The third count that:

"The defendant carelessly, wrongfully and negligently failed to use reasonable care to inspect the said pin and the said cross-arm and the said pole and a certain glass insulator placed upon the said pin, and the said wire aforesaid from time to time, and carelessly, wrongfully and negligently permitted and allowed the pole and the said pin and said cross-arm and the said glass insulator placed thereon to be and remain weak, unsafe, rotten, water soaked and dangerous and so that the said wire and the electricity therein being carried by same, and the said cross-arm, pole, pin and glass insulator placed on said pin were liable to become short circuited and burn, all of which facts the defendant knew or ought to have known by the exercise of ordinary care. And the plaintiff avers that on the day and date aforesaid and prior thereto said wire aforesaid

broke, gave way, and hung suspended in said streets aforesaid, and said pin, pole, cross-arm and glass insulator and said wire aforesaid and the electricity therein contained became short circuited, then and there permitting said wire aforesaid to be in said certain streets aforesaid, to-wit, Carpenter street and 64th street, and the northwest corner thereof.''

The fourth count that:

''The said defendant so carelessly, wrongfully and negligently maintained, controlled and operated the said pin, pole, cross-arm, wire and the said glass insulator aforesaid as to cause the said wire aforesaid to break, burn and fall into the said street aforesaid, to-wit, the northwest corner of 64th street and Carpenter street, and to be and remain in the said street aforesaid, then and there and thereby causing the said plaintiff, who was then and there on the said streets aforesaid, who was in the exercise of due care and caution for his own personal safety, to be struck and to come in contact with the said wire so charged with electricity aforesaid, then and there and thereby greatly and permanently injuring him, as hereinafter more specifically alleged and set forth in the last count hereof and hereby expressly made a part of this count.''

Appellant contends that the judgment must be reversed because the lighting of streets by the city is a governmental function and there is no liability to one injured through the negligence of the servants of the city in charge of the maintenance and operation of such light plant. We think that the case of the Village of Palestine v. Siler, 225 Ill. 630, is conclusive against this contention. In that case it was held that the gravamen of plaintiff's cause of action as set out in the declaration was that plaintiff's intestate came to his death by reason of ''the defendant's omission of duty in keeping its public streets and sidewalks free from obstructions and the deadly wires of its light plant;'' that it was no answer to the allegations of violation of the duty of keeping its streets free from obstruc-

tions and dangerous obstacles to say by the pleas that the defendant maintained the electric light plant in its public municipal capacity; that, "whoever owned the plant, whether a municipal corporation, a private corporation or an individual, the village was bound to see that its public streets were not improperly used, encroached upon or rendered dangerous to persons rightfully using the same."

The declaration in this case alleges that through the negligence of the defendant the electric light wire fell into the street and thereby came in contact with the plaintiff, etc. This is an allegation of a violation by the defendant of its duty of keeping its streets free from obstructions and dangerous obstacles, and if sustained by the evidence entitled the plaintiff to recover under the rule announced in Palestine v. Siler, although the defendant maintained the electric light plant in its public municipal capacity.

Appellant further contends that the verdict is not supported by the evidence. From the evidence the jury might properly find that the rottenness of the cross-arm at the point where the pin went into it caused the pin to sink into the cross-arm and thereby caused the insulator to touch the cross-arm; that the cross-arm became water soaked, and when moisture gathered on the insulator a short circuit was formed between the wire, cross-arm and pin, and this set the wood on fire; that this occurred from time to time until the pin was burned about three-quarters through, when the strain of the wire broke the pin and this caused the sagging of the wire; that the light plant was constructed in 1905, and the only inspection ever made of the pole and wire was that made by two men called "trouble men," who were in charge of a very large district and were called in case of trouble to any light in the district, and in driving around the district it was their custom to look at the poles from their vehicle; that from their vehicle they could not see that the cross-arm was rotten or charred or that the pin

was burned or charred or had sunk down into the hole in the cross-arm. It is plain that the cross-arm must have been rotten and the pin burned and charred a long time before the accident, and that by climbing the pole such condition could have been discovered. In determining what inspection the exercise of reasonable care required, it is to be remembered that the use of high voltage electric wire for lighting streets is attended with great danger, and the care required by those using it must be commensurate with the danger. It was further shown by the evidence that up to 1905 single petticoat insulators were used and were considered as safe as any insulator then known; that about 1905 triple petticoat insulators began to come in use, and from that time were installed by the city in new work and in repair work where a new insulator was required; but except in such cases the city continued to use the single petticoat insulators; that the triple petticoat insulator was a better and safer insulator than the single petticoat. We think that on all the evidence the question whether the defendant was guilty of negligence which caused or contributed to plaintiff's injury as alleged in the declaration, was a question for the jury, and that it cannot be said that the verdict is against the evidence or is not supported by sufficient evidence.

We find no error in the rulings of the court on questions of evidence nor in the giving of any instruction given for the plaintiff or in the refusal to give any instruction asked by the defendant, nor in the refusal to grant a new trial on the ground of newly discovered evidence.

As a result of the injury plaintiff lost three fingers of his right hand and the thumb and forefinger were severely burned and their usefulness greatly impaired by scar tissue. He also lost one finger of the left hand, the greater part of another finger, and a third was so burned and is so drawn out of shape that he has little or no use of it. He has practically no use

452 APPELLATE COURTS OF ILLINOIS.

City of Chicago v. Chicago & Western Ind. R. Co., 174 Ill. App. 452.

of his right hand and has only the use of the thumb and forefinger of the left hand. In view of his injuries and the pain suffered by him in consequence thereof, we cannot say that the damages awarded by the jury are so excessive as to warrant or require a reversal of the judgment.

A careful consideration of the questions presented by the record has convinced us that the trial court did not err in denying defendant's motion for a new trial and giving judgment on the verdict, and the judgment is affirmed.

*Affirmed.*