(No. 22325.—
MARTHA A. MERRILL, Plaintiff in Error, *vs.* THE CITY OF WHEATON, Defendant in Error.

*Opinion filed April 21, 1934—Rehearing denied June 12, 1934.*

HARRY W. STANDIDGE, for plaintiff in error.

CARLTON L. FISCHER, for defendant in error.

Mr. CHIEF JUSTICE ORR delivered the opinion of the court:

A zoning ordinance passed by the city of Wheaton in 1923 imposes restrictions against the erection or alteration of any buildings within a certain residence district. The constitutionality of this ordinance is attacked by Martha A. Merrill, plaintiff in error, whose bill for an injunction to restrain the city from interfering with the remodeling of a building owned by her was dismissed by the circuit court of DuPage county for want of equity, and a decree entered on a cross-bill of the city directing her to tear down and remove all additions and alterations made in the building without a permit, in violation of the ordinance. This writ of error followed.

The partly completed alterations made by plaintiff in error in the plumbing, stairways, etc., were intended to change the building from a single-family to a two-family dwelling. These alterations, the city contends, were unlawful because not authorized by the zoning ordinance of that area, which made no provision for any except single-family dwellings. Section 3 of this ordinance forbids the use, erection or alteration of any building within any "A" residence district, except, in part, for the following uses: "(1) Single-family dwellings. (2) Libraries and public museums. (3) Churches and temples. (4) Schools and colleges. (5) Boarding and rooming houses conducted in private homes where not more than sixteen persons besides the family of the boarding or rooming-house keepers are furnished board, and not more than twelve persons, besides such families, are furnished with rooms," etc. Our sole inquiry is whether this classification constitutes an arbitrary and unreasonable exercise of the police power.

The legislature may not, under the guise of the police power, impose restrictions that are unnecessary and unreasonable upon the use of private property or the pursuit of useful activities. (*Seattle Trust Co.* v. *Roberge,* 278

U. S. 116.) Every man has a right to use his property in his own way and for his own purpose, subject, only, to the restraints necessary to secure the common welfare. (*Haller Sign Works* v. *Training School,* 249 Ill. 436.) The governmental power to impose zoning regulations upon land owners is not unlimited, and, other questions aside, such restrictions cannot be imposed if they do not bear substantial relation to the public health, safety, morals or general welfare. (*Nectow* v. *Cambridge,* 277 U. S. 183; *Spies* v. *Board of Appeals,* 337 Ill. 507.) Whether a zoning ordinance has any real, substantial relation to the public health, comfort, safety or welfare, or is arbitrary or unreasonable, is a question which is subject to review by the courts, and in determining that question they will disregard mere form in order to insure protection of rights injuriously affected by arbitrary and unreasonable action. *Koos* v. *Saunders,* 349 Ill. 442.

The record shows that the block in which plaintiff in error's property is located contains eight other residences used as two-family and eight others used as one-family residences; also that only minor alterations are necessary for a building designed and constructed for one-family residence purposes to become adaptable for two-family residence purposes. The ordinance defines a "family" as any number of individuals living and cooking together on the premises as a single housekeeping unit. It also provides that in this same residence district there may be boarding and rooming houses conducted in private homes where not more than sixteen boarders and twelve roomers, in addition to the family, are furnished with board and room. It will thus be seen that under this ordinance the next door neighbor of plaintiff in error might use his dwelling to accommodate twenty-eight persons, besides his own family, in operating a boarding and rooming house, but plaintiff in error is forbidden to make minor alterations in her dwelling so that two families, which might

consist of only four people—two to each family—could use it as a two-family residence. Such a distinction seems harsh and unreasonable, especially in view of the fact that half of the residences in the block affected are being used as two-family residences. Little can be said in support of the ordinance under these circumstances. Its application here results in unfair discrimination, without any corresponding benefit to the public health, morals, safety or welfare. Certainly the public health is not promoted by an ordinance which restricts the right of one property owner to erect or alter a residence to house two families separately under one roof, and at the same time permits as many as twenty-eight boarders and roomers to legally make use of another residence in the same block. The morals, welfare and safety of the public are not especially subserved by boarding and rooming houses as compared with two-family residences—at least not to the extent of justifying a legislative act which favors one and forbids the other. In our opinion section 3 of the ordinance bears no real or substantial relation to the public health, morals, safety or welfare. (*People* v. *Village of Oak Park,* 331 Ill. 406.) The record might have presented other questions, but only the provisions of the zoning ordinance were briefed and argued and are here considered. In so far as it affects the property of plaintiff in error, the zoning ordinance is discriminatory and unreasonable and therefore void.

The decree of the circuit court will therefore be reversed and the cause remanded, with directions to dismiss the cross-bill of defendant in error and to award plaintiff in error the relief sought in her bill.

*Reversed and remanded, with directions.*