## Martha A. Merrill, Appellee, v. City of Wheaton, Appellant.

### Gen. No. 9,591.

Heard in this court at the October term, 1941. Opinion filed July 9, 1941. Rehearing denied August 25, 1941.

WILLARD E. CAIN, of Wheaton, and CARLTON L. FISCHER, of Chicago, for appellant.

CHANCELLOR & CHANCELLOR, of Chicago, and J. PAUL KUHN, of Aurora, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

Appellee recovered a judgment for $3,616.67 against appellant, the City of Wheaton, in the circuit court of Kane county for damages alleged to have been sustained by her because of the removal by the city of an enclosed stairway at the rear of her building, the amount expended by her in removing certain plumbing and other improvements and alterations in the said building which she owned in the City of Wheaton, to-

gether with loss of rents. The attempted improvements and alterations were designed to convert the building from a one-family occupancy into a two-flat apartment. The acts of appellant complained of were done by the officers of the city, acting under the provisions of a zoning ordinance hereinafter referred to.

The record discloses that appellee's house was located in a district restricted by the zoning ordinance to one-family occupancy. On September 16, 1931, she procured a permit to erect an addition to the house, six feet wide, running back from the front porch thirty-one and one-half feet and two stories high. The plans called for altering the house from one and a half stories to two stories, and extending the front porch across the width of the addition. The contractor began the erection of an outside stairway leading upstairs from the front porch, which was not called for by the approved plans, and was stopped by the building commissioner, who changed the plan so as to permit the stairway to be erected inside the building, which was done. While the work was in progress, and after its completion, appellee was stopped from time to time in attempted further alterations to adapt the building for two-family use, without securing a new permit. These alterations included certain plumbing, and an enclosed stairway at the rear of the building, running to the second story from the ground. None of these alterations were contemplated by the approved plans or embraced in the permit, and when the rear stairway was about four-fifths completed, the city required her to remove it, which was done in December 1931 or January 1932. It was reconstructed in the spring of 1932 without permission. A summons for violation of the building and zoning ordinances was issued, whereupon, appellee filed a suit for injunction in the circuit court of DuPage county to restrain appellant from interfering with her in the completion

of the remodeling of the building. The injunction suit resulted in a decree on May 31, 1933, dismissing the bill for injunction and granting the relief asked in appellant's cross bill. The decree found appellee had commenced plumbing work and other alterations in violation of the permit and the ordinances of the city, from which she had been compelled to desist, and had begun the erection of the rear enclosed stairway without any permit, in violation of the zoning ordinance. This decree ordered her to remove the stairway within sixty days, and in the event of her failure to do so, the same should be removed by the city authorities. On August 22, 1933, appellee was notified by the building commissioner to remove the addition at the rear of the building, and upon her failure to do so, the city removed it in September following. On June 7, 1932, while the injunction suit was pending in the circuit court, the parties thereto stipulated that on the part of the city there should be no further prosecutions of the alleged violations of the pending building ordinances until a hearing on the merits was had, and on the part of the complainant it was stipulated that no alterations or improvements should be made upon the premises during the same time, the stipulation reciting that it was to be in force for forty days from its date.

In January 1934, appellant sued out a writ of error from the Supreme Court to review the decree of May 31, 1933. The Supreme Court held the zoning ordinance was void so far as it applied to appellee's property, reversed the decree and remanded the cause with directions to dismiss the city's cross bill and grant the relief prayed in appellee's original bill. (*Merrill v. City of Wheaton,* 356 Ill. 457.) The circuit court thereafter entered a decree in compliance with the mandate of the Supreme Court and appellee completed the building in 1935, and thereafter rented it as a two-family residence.

Appellant contends that the right to restrict the rights of property owners in the use of their property is conferred upon municipalities as a police power; that the exercise of the police power is a governmental function, and a city is not liable for the acts of its officers and employees in the exercise thereof; that the doctrine is equally applicable to negligence cases and in cases of wilful acts in excess of the police power; that it applies to governmental functions voluntarily assumed; and that the immunity extends to acts done under an unconstitutional or void ordinance enacted in the exercise of governmental functions. Appellee insists that this doctrine is limited to a reasonable exercise of the police power; that before the city could invade and destroy her property it must have shown an emergency existed and that the property was a public nuisance or dangerous to the public health, morals, welfare or safety; and that the exercise of the police power in this instance was arbitrary, unreasonable, discriminatory, excessive and unfair, rendering the city liable in damages.

The law relating to the exercise of the police power by municipalities and the question of their liability in such cases is well settled. The enactment of a zoning ordinance under the statute relating thereto is within the scope of the police power, as promoting public health, safety, morals and the general welfare. (Ill. Rev. Stat. 1939, ch. 24, par. 66 [Jones Ill. Stats. Ann. 21.486]; *City of Aurora v. Burns,* 319 Ill. 84.) A recognized distinction obtains in cases involving tort liability of a municipality between governmental or public functions on the one hand, and private, proprietary or ministerial functions on the other. A city, in the use of the police powers conferred upon it by the legislature, does not act in its private capacity, or in the local interest, but in the exercise of a governmental function in the general public interest. (*Taylor v. City of Berwyn,* 372 Ill. 124.) It is not liable for the

malfeasance or nonfeasance of its officers in the enforcement of police regulations enacted for the purpose of securing and preserving the safety, health, welfare and good order of the public. (*Taylor v. City of Berwyn, supra; Craig v. City of Charleston,* 180 Ill. 154; *City of Chicago v. Williams,* 182 id. 135.) The fact that the adoption of a zoning ordinance is optional does not take the ordinance, when enacted, out of the police power. (*Gebhardt v. Village of La-Grange Park,* 354 Ill. 234.) No liability is created against a municipal corporation by acts of its officers done under an unconstitutional or void ordinance enacted in the exercise of governmental functions. (McQuillin, Municipal Corporations, 4th ed. sec. 2640; 43 C. J. 964, sec. 1745; 19 R. C. L. 1099, sec. 383.) In this class of cases to hold the municipality liable would be to impose upon the taxpayers damages which might prove so onerous as to destroy the municipality itself. (*Miralago Corp. v. Village of Kenilworth,* 290 Ill. App. 230.)

Appellee cites in support of her contention sections 939 and 943 of McQuillin, Municipal Corporations, which lay down the principle that a municipality can destroy property when it becomes a nuisance or dangerous to public health, morals, or safety, and, in case of an emergency, may destroy property in order to prevent the spread of fire; that, although private property must be held subordinate to reasonable police regulations, lawful property cannot be destroyed or confiscated under the guise of such regulations for its protection, where the property itself or the use thereof is not a public nuisance; and that restrictions on the use of property under the police power for purely artistic or aesthetic purposes are regarded as invasions of private property rights. On the latter proposition, appellee cites and relies upon *City of Chicago v. Gunning System,* 214 Ill. 628, decided under an ordinance regulating the use of billboards, and other

similar holdings. These authorities merely relate to the power of a city to destroy or restrict the use of private property under the police power. They do not hold or imply that a municipality is liable in damages for acts done under an ordinance enacted in the exercise of governmental functions, and no authority is cited which so holds. The authorities on the question of a city's liability for the torts of its officers, either by malfeasance or nonfeasance, under such an ordinance are uniform in their holdings of nonliability.

It may be further observed, that municipal officers not only have the right, but the law imposes upon them the duty, to enforce the provisions of all of the ordinances of their city, unless and until they are repealed or their invalidity is established in a court of competent jurisdiction. When appellant required appellee to conform to the provisions of the zoning ordinance, it was merely carrying out the duty imposed upon it by law. When it removed the rear stairway, the lumber was stored in appellee's basement, and what was useable was subsequently used in its reconstruction. The stairway was removed by the city, not only under the ordinance, but by the authority of a decree of the circuit court concerning which no proceeding for review had been instituted, and not then until appellee had been notified to comply with the decree and had failed to do so. Even if a municipality would generally be liable in damages for arbitrary, unreasonable, discriminatory, excessive and unfair acts in the exercise of the police power, the claim that it so acted here is without any foundation. So too, is the claim that appellant violated the stipulation of June 7, 1932. The record shows it did not do so.

Because of the city's nonliability it is unnecessary to discuss the other grounds urged for reversal. The judgment is reversed and judgment is entered in this court for appellant.

*Judgment reversed. Judgment here for appellant.*