(No. 26508.—

MARTHA A. MERRILL, Appellant, *vs.* THE CITY OF WHEATON, Appellee.

*Opinion filed March 19, 1942—Rehearing denied May 13, 1942.*

CHANCELLOR & CHANCELLOR, and J. PAUL KUHN, (JUSTUS CHANCELLOR, of counsel,) for appellant.

WILLARD E. CAIN, and CARLTON L. FISCHER, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is before this court on leave granted to review a judgment of the Appellate Court for the Second

District, which reversed a judgment of the circuit court of Kane county and entered judgment for appellee. Appellant's complaint is for damages occasioned by the removal, by the city of Wheaton, appellee, of an enclosed stairway at the rear of her building, the cost of alterations and loss of rents occasioned by such removal.

Appellant owned a house and lot in the city of Wheaton, in a district restricted, by a zoning ordinance of said city, to one-family occupancy. On September 16, 1931, she procured a permit to erect an addition to the house. The plans called for altering the house from one and one-half stories to two stories, and extending the front porch across the width of the building. The contractor began the construction of an outside stairway leading from the front porch, which was not a part of the approved plans. The building commissioner stopped this construction and, at appellant's request, changed the plans so as to permit the stairway to be erected inside the building, at the rear, which was done. Later this inside rear stairway was removed, at the city's direction, and about a year later reconstructed without permission.

The city started proceedings before a justice of the peace, for alleged violation of the building and zoning ordinances. Thereupon appellant filed suit for an injunction in the circuit court of DuPage county to restrain appellee from interfering with the remodeling of her building. Appellee filed a cross-bill. After a hearing a decree was entered on May 31, 1933, dismissing her complaint for want of equity, and, under the cross-bill, ordering appellant to remove the stairway within sixty days, and in the event of her failure so to do, the same to be removed by the city authorities.

On August 22, 1933, appellant received notice from the building commissioner to remove the stairway and upon her failure so to do the city tore it down. Thereafter, on review of the decree under which the city acted, this court

held the zoning ordinance void in so far as it applied to appellant's property, reversed the decree and remanded the cause with directions to dismiss the city's cross-bill and grant the relief prayed in appellant's original complaint. (*Merrill* v. *City of Wheaton*, 356 Ill. 457.) The circuit court entered a decree in compliance with the mandate of this court and appellant completed the building in 1935 and thereafter rented it as a two-family residence. This damage suit followed.

Appellee's answer to the complaint in this suit, among other defenses, averred that the final decree in the chancery suit constituted a complete and final adjudication as to the subject matter of that proceeding and also of all rights to the recovery of damages which were properly involved and might have been determined in that proceeding, and that the final decree in said former proceeding operates as an estoppel against appellant as to the recovery of any damages in this cause. A trial of the issues resulted in a judgment in favor of appellant for $3616.67. On appeal by the city to the Appellate Court, it was urged and so held by the Appellate Court, that the power to restrict the rights of property owners in the use of their property is conferred upon municipalities as a police power, the exercise of which is a governmental function and a city is not liable for the acts of its officers and employees in the exercise of that power. The judgment was reversed and judgment entered in the Appellate Court in favor of appellee city.

The main issue presented by the assignment of errors and urged by the respective parties is whether appellee city, prior to the determination by this court that the zoning ordinance was invalid as to appellant's property, and under the decree of the circuit court sustaining its validity, was acting in a governmental capacity in the demolition of said stairway. If it was acting in such capacity the doctrine of *respondeat superior* has no application, as the city may not be held liable for damages arising out of the discharge

of a governmental function. If the function was a corporate or proprietary one, the doctrine of *respondeat superior* does apply and the city is liable in damages arising out of the negligent acts or trespass of its servants in the discharge of that function. *Gebhardt* v. *Village of La Grange Park,* 354 Ill. 234; *Roumbos* v. *City of Chicago,* 332 id. 70, and cases cited.

Whether a governmental function exists is to be determined from the nature of the duty to be discharged or act to be done. If the duty or act involves the general public benefit and is not in the nature of a corporate or business undertaking for the corporate benefit and interest of the municipality, the function is governmental whether the duty be directly imposed upon the city or is permissive—that is, voluntarily assumed. *Gebhardt* v. *Village of La Grange Park, supra.*

Section 4½ of the Zoning act, (Ill. Rev. Stat. 1939, par. 69a, chap. 24, p. 395,) provides for proceedings to prevent violations, as follows: "In case any building or structure is erected, constructed, reconstructed, altered, repaired, converted, or maintained or any building, structure or land, is used in violation of this act, or of any ordinance or other regulation made under authority conferred thereby, the proper local authorities of the municipality in addition to other remedies, may institute any appropriate action or proceedings to prevent such unlawful erection, construction, reconstruction, alteration, repair, conversion, maintenance or use, to restrain, correct or abate such violation to prevent the occupancy of said building, structure or land, or to prevent any illegal act, conduct, business, or use in or about such premises." Appellee's zoning ordinance provided penalties in case of violation of its terms.

The source of police power of a municipality is the State. As a rule that power is broad but it is not without the limitation that it must not unreasonably invade private rights. (43 C. J. sec. 216, p. 213.) A municipal corporation pos-

sesses and may exercise only those powers granted in express terms, or necessarily implied in or incident to the powers expressly granted, and those essential to the accomplishment of its declared objects and purposes,—not simply convenient, but indispensable. *Consumers Co.* v. *City of Chicago,* 313 Ill. 408; *Huesing* v. *City of Rock Island,* 128 id. 465; 1 Dillon on Municipal Corporations, 5th ed. sec. 237.

When a power conferred bears relation to a public purpose and is for the public good, it is to be classified as governmental in its nature and appertains to the corporation in its political capacity; but when it relates to the accomplishment of private purposes, in which the public is only indirectly concerned, it is private in its nature, and the municipality, in respect of its exercise, is regarded as a legal individual. In the former case, the corporation is exempt from all liability, whether for nonuser or misuser, while in the latter case it may be held to that degree of responsibility which would attach to an ordinary corporation. *People* v. *City of Chicago,* 256 Ill. 558; 1 Smith's Modern Law of Municipal Corporations, 785; 2 Dillon on Municipal Corporations, 4th ed. section 966.

To sustain an ordinance as an exercise of the police power it must tend in some degree, within the authority of the municipality, toward the prevention of offenses or the preservation of the public health, morals, safety or welfare. It must be apparent that some such end or purpose is actually intended. *Consumers Co.* v. *City of Chicago, supra; Moy* v. *City of Chicago,* 309 Ill. 242; *People* v. *Weiner,* 271 id. 74.

Just what governmental function appellee was exercising when it demolished this stairway, we are unable to see. If, as it contends, it was acting under its police power, its action was not in accordance with the power granted to it by the Zoning act, nor in compliance with the provisions of the zoning ordinance, and the ordinance, as ap-

plied to appellant's property, was, as we have seen, held invalid by this court. It is not contended the rear stairway was a fire hazard requiring immediate removal, nor that it endangered the public health. The entry upon appellant's property by appellee's agents and the demolition of the stairway was a trespass for which appellee is liable in the absence of a showing it acted in the exercise of a governmental function. *City of Chicago* v. *McGraw,* 75 Ill. 566; *Allen* v. *City of Decatur,* 23 id. 272 (orig. ed. p. 332.)

Whether this stairway should be removed or permitted to remain in place, was a matter purely of local concern, as to which the city may exercise certain enumerated powers for the benefit, not of the people at large, but for the local municipality. In the exercise of such powers the municipality is held to the same degree of responsibility as an individual. (*People* v. *City of Chicago,* 256 Ill. 558.) The act of appellee's officers and employees in demolishing the stairway, expressly authorized and ratified by appellee, was ministerial or proprietary, and not in the discharge of a governmental function, and the municipality is liable to respond in damages. *City of Chicago* v. *McGraw, supra.*

Appellee argues that the decree entered by the circuit court and reviewed by this court in *Merrill* v. *City of Wheaton,* 356 Ill. 457, was *res judicata* of the question of damages. It is sufficient to say that no question of damages was involved in that proceeding as none had been committed when the decree was entered. While the damages claimed arose while the case was in this court, the judgment of this court directed a decree on remandment, which was entered on the case made. This is not a case for the application of the rule as to *res judicata.*

Appellee also urges that the trial court erred in the admission of evidence as to the elements of damages, and that the judgment is excessive. The testimony of appellant pertaining to damages was in part estimates and not

actual figures. She was permitted to testify over objection that she paid $1200 for attorney's fees and other expenses. No showing was made as to what the expenses consisted of, nor the reasonableness thereof. The same may be said of the testimony of the loss of rents. There was no testimony as to what the fair rental value of the premises was. A new trial is therefore necessary as to the question of damages. Ill. Rev. Stat. 1941, chap. 110, par. 216.

For the reasons indicated, the judgments of the Appellate and circuit courts are reversed and the cause remanded to the circuit court for a new trial, only on the issue of the correct amount and elements of damages, if any.

*Reversed and remanded, with directions.*