Christine Marie Scarpaci, minor, by Frank Scarpaci, father, Appellee, v. City of Chicago, Appellant.

Gen. No. 43,762.

Opinion filed October 14, 1946.  Released for publication October 28, 1946.

BARNET HODES, Corporation Counsel, for appellant; J. HERZL SEGAL, Head of Appeals and Review Division, and ADAM E. PATTERSON, Assistant Corporation Counsel, of counsel.

DAVID S. CHESROW and REUBEN L. BENJAMIN, both of Chicago, for appellee; REUBEN L. BENJAMIN, of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Defendant appeals from a judgment entered against it in an action to recover for personal injuries sustained as a result of the falling of a metal stop sign erected and maintained by the defendant in the parkway between the sidewalk and the curb in Polk street near its intersection with Wood street in Chicago.

Plaintiff's claim is based upon the violation of defendant's duty to maintain its public streets and highways in a reasonably safe condition of repair by suffering the stop sign to exist in a defective and dangerous condition for a long period of time. Defendant's sole contention on appeal is that the stop sign was erected and maintained by the city in the exercise of governmental functions pursuant to the mandate and authority of the statutes of the State, and therefore it is not liable for any negligence in failing to properly maintain the sign.

Section 86 (art. 12) of the Uniform Act Regulating Traffic on Highways (ch. 95½, par. 183, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 85.215]) provided that "local authorities with reference to . . . highways under their jurisdiction may designate through highways and erect stop signs at specified entrances thereto or may designate any intersection as a stop intersection and erect like signs at one or more entrances to such intersection." Section 30 (art. 3 of the same Act [Ill. Rev. Stat. 1943, ch. 95½, par. 127; Jones Ill. Stats. Ann. 85.159]) directs that "Local authorities in their respective jurisdiction shall place and maintain such traffic-control devices upon highways under their jurisdiction as they may deem necessary to indicate and to carry out the provisions of this Act or local traffic ordinances or to regulate, warn, or guide traffic. All such traffic-control devices hereafter erected shall conform to the State manual and specifications." Section 27 of article 23 of the revised Cities and Villages Act (Ill. Rev. Stat. 1943, ch. 24 [Jones Ill. Stats. Ann. 21.1658]) authorizes cities "To regulate traffic and sales upon the streets, sidewalks, public places, and municipal property." In compliance with these statutes the defendant erected a stop sign consisting of a hexagonal metal plate about 18 inches across and weighing about 25 pounds, fastened by four screws to a rod or pole about 6 or 7

feet in length set perpendicularly in a base about 18 inches in diameter, placed in the parkway between the sidewalk and curb on the east side of Wood street about 15 feet south of its intersection at right angles with Polk street, which defendant had designated as a stop or through street. For three or four months before the injury to plaintiff this plate was loosely fastened to the pole by only one screw which had worn thin. On the night of the accident it fell, apparently of its own weight, striking the foot of plaintiff, a child seven years of age, who was standing in the parkway near the sign.

Regulation of traffic on public streets under the police power conferred upon a city by the legislature, is the exercise of a governmental function as to which the city is not liable for misuser or nonuser. *Evans v. City of Kankakee,* 231 Ill. 223; *Hanrahan v. City of Chicago,* 289 Ill. 400; *Roumbos v. City of Chicago,* 332 Ill. 70; *Gebhardt v. Village of LaGrange Park,* 354 Ill. 234; *City of Evanston v. Wazau,* 364 Ill. 198; *LePitre v. Chicago Park Dist.,* 374 Ill. 184; *Merrill v. City of Wheaton,* 379 Ill. 504; *Kirk v. City of Muskogee,* 183 Okla. 536, 83 P. (2d) 594; *Bradley v. City of Oskaloosa,* 193 Iowa 1072, 188 N. W. 896; *Auslander v. St. Louis,* 332 Mo. 145. This exemption does not extend to liability of the city for damages resulting from its failure to keep its public streets reasonably safe and free of dangerous conditions or obstructions. In *Village of Palestine v. Siler,* 225 Ill. 630, action was brought against the village to recover for injuries sustained from contact with an uninsulated electric wire in the public street. To the declaration the village filed a special plea averring that it as a municipal corporation was authorized under the police power of the State to provide for lighting its public streets, and that pursuant to such authority it was operating an electric light plant, with poles and wires on the public streets, and that the injury

complained of in plaintiff's declaration was occasioned while the defendant was lighting the lamps along its streets pursuant to its authority under the police power of the State. In affirming the action of the trial court in sustaining a demurrer to this plea the Supreme Court said that the defendant had misapprehended the *gravamen* of plaintiff's cause of action as set up in the declaration; that "The wrong done to the plaintiff, as there alleged, was not merely in the negligent operation of the electric light plant, but the charge is, and the evidence proved, that the deceased came to his death by reason of the defendant's omission of duty in keeping its public streets and sidewalks free from obstructions and the deadly wires of its light plant. Clearly, the charge is not merely that the defendant negligently maintained and operated its electric light plant, but is that it suffered and permitted uninsulated wires to obstruct the public street so as to render it dangerous to persons passing along the same. The section of the statute conferring powers upon cities, villages and towns, (section 62 of chapter 24,) imposes the duty upon the municipal authorities to regulate the use of streets and 'prevent and remove encroachments or obstructions upon the same.' The declaration expressly charged the defendant with a violation of the duty of keeping its streets free from obstructions and dangerous obstacles, and it was no answer to those allegations to say by the pleas that the defendant maintained the electric light plant in its public, municipal capacity." Under substantially similar facts the court in *Goetzke v. City of Chicago,* 174 Ill. App. 446, 450, said: "The declaration in this case alleges that through the negligence of the defendant the electric light wire fell into the street and thereby came in contact with the plaintiff, etc. This is an allegation of a violation by the defendant of its duty of keeping its streets free from obstructions and dangerous obstacles, and if sus-

tained by the evidence entitled the plaintiff to recover under the rule announced in *Palestine v. Siler* [225 Ill. 630], although the defendant maintained the electric light plant in its public municipal capacity.'' In *Curtis v. City of Paris*, 234 Ill. App. 157, cited by defendant, the court had under consideration an action for injuries sustained by a passenger in an automobile when she was thrown from the car as the driver was avoiding a rope barrier placed across the street by the board of health to create a quiet zone. The court said (p. 163): ''Where a dangerous condition exists in the street of a city, whether caused by the action of the city in the exercise of its police power, by unauthorized persons, or by the servants of the city acting in a ministerial capacity, if the city has notice of such dangerous condition or of such facts and circumstances as would by the exercise of reasonable diligence lead a prudent person to such knowledge, and a sufficient time has elapsed to have given the city an opportunity to have remedied such dangerous situation, the city is liable for an injury resulting from such dangerous situation to a person who is in the exercise of ordinary care for his own safety. *City of Chicago v. Stearns*, 105 Ill. 554.''

The rule laid down in the cases cited is in accord with the weight of authority. In 25 Am. Jur., Highways, § 358, it is said: ''The rule which is supported by the weight of authority and seems to be more consistent with fundamental principles is that public liability for injuries resulting from defective streets or other public ways may be predicated upon unsafe conditions resulting from acts done by public officers in the exercise of the police power or in the performance of governmental duties, where the responsible highway authorities are chargeable with negligence in permitting such conditions to continue, after notice, actual or constructive, of their existence.'' Authorities supporting this position are *Hillstrom v. City*

*of St. Paul,* 134 Minn. 451; *Emery v. Philadelphia,* 208 Pa. 492; *Twist v. City of Rochester,* 37 App. Div. 307, 55 N. Y. S. 850, 855, affirmed in 165 N. Y. 619; *City of Circleville v. Sohn,* 59 Ohio St. 285, 305; *Sheets v. City of McCook,* 95 Neb. 139; *Kirk v. City of Muskogee,* 183 Okla. 536, 83 P. (2d) 594, cited by defendant; *Aaronson v. City of New Haven,* 94 Conn. 690, 110 Atl. 872. In *Hillstrom v. City of St. Paul, supra,* the court sustained recovery of damages for the death of a boy who was struck by a falling pole which the city had erected in one of its streets and used solely for the purpose of supporting a telegraph wire and an alarm box of the fire alarm system belonging to the city fire department. This pole had rotted through where it entered the ground. The court said (454): "While the city is not liable for negligence of the officers of its fire department in performing their official duties, it is liable for negligence in failing to keep its streets safe. And we see little room for making a distinction between a dangerous condition of the street caused by a third party, for whose acts the city is not responsible, and a dangerous condition caused by a department of the city, for whose negligence the city is not liable. It is the duty of the city to exercise reasonable care to keep its streets free from danger, and it possesses the power to do whatever is necessary to accomplish this purpose. If, through negligence, it fails to perform this duty, and injury results from a dangerous condition in one of its streets, the city cannot avoid liability by showing that negligence in caring for an instrumentality used in the performance of a governmental duty is what brought about the dangerous condition." In *Kirk v. City of Muskogee, supra,* action for injuries sustained in an automobile collision at a street intersection was based on the alleged failure of the city to properly maintain a stop sign as a warning to automobilists approaching the intersection. The court held that, the maintenance of the traffic sign being an exercise of a governmental

function, there was no liability of the city for failure to maintain it, and said (597): "Since there was no legal obligation upon the City of Muskogee to keep the traffic sign standing at the corner of K and Houston Streets in said city, no liability accrues when said sign is removed or broken, *outside of the liability for injuries directly caused by it as a defect in the street as distinguished from a traffic regulator.*" (Emphasis ours.) The case of *Aaronson v. City of New Haven, supra,* involved an action for injuries sustained by driving against a so-called silent policeman, consisting of a heavy circular base and an upright post, surmounted by a sign and a suitable light. This device, placed at or about the center of the intersection of two city streets, had toppled over and lay in the traveled part of the highway when plaintiff came in contact with it. The Supreme Court said: "The city is required to exercise reasonable supervision and control of silent policemen on its highways, but no breach of legal duty giving rise to a cause of action can occur unless and until the highway becomes defective. And then the city is not liable unless it has either failed to use reasonable care in discovering the existence of the defect, or has failed after actual notice or constructive notice to use reasonable care in repairing it."

When the stop sign involved herein, through the absence of proper fastening of the metal plate to the sign post or pole, became dangerous to persons using the public street or the parkway, it became an obstruction or defect in the street for the continuance of which the defendant became liable after reasonable notice, even though the sign post was an instrumentality used by the city in the performance of a governmental function.

The judgment is affirmed.

*Affirmed.*

O'CONNOR, P. J., and FEINBERG, J., concur.