EZRA RUMBOLD *et al.*, Plaintiffs-Appellants, v. THE TOWN OF BU-
REAU *et al.*, Defendants-Appellees.

Third District   No. 3—90—0637

Opinion filed October 31, 1991.

Linn C. Goldsmith, of Boyle, Goldsmith, Shore & Bolin, of Hennepin (Roger C. Bolin, of counsel), for appellants.

Herbolsheimer, Lannon, Henson, Duncan & Reagan, of La Salle (Douglas A. Gift, of counsel), for appellees.

JUSTICE SLATER delivered the opinion of the court:

Plaintiffs appeal from the order of the circuit court dismissing plaintiffs' third amended complaint with prejudice. Although not specifically stated, we view the dismissal to be pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615).

Plaintiffs, Ezra and Herb Rumbold, are engaged in the business of farming, which necessitates the transportation of grain over Bureau Township roads. On February 2, 1987, the Town of Bureau adopted a resolution restricting the weight of vehicles upon township roads to 16,000 pounds from February 1 to May 1 and directed the township highway commissioner to erect and maintain signs at each end of any affected highway within the township. The resolution further adopted a schedule of fines to be assessed drivers or owners of vehicles violating the resolution which allowed, in some instances, fines in excess of $500.

On February 17, 1987, plaintiffs were in the process of hauling grain to market across Bureau Township roads. At this time, plaintiffs were unaware of the township resolution of February 2, 1987, as no signs indicating the weight limits were erected nor was any publication notice made of the resolution. When the first of plaintiffs' trucks proceeded onto the township road, it was stopped and detained by an apparent agent of defendant highway commissioner. Allegedly, the driver of this truck owned by Ezra Rumbold was not allowed to communicate by radio to warn the driver of the second truck of the weight limitation, and when the second truck proceeded onto the township road it was stopped and detained as well.

Plaintiff, Ezra Rumbold, was subsequently charged by the township highway commissioner with violating the township weight restriction resolution. The fines sought in two separate charges totaled $16,500. Plaintiffs further allege that while Herb Rumbold was investigating the matter he was told by a township trustee that he had been "set up" by the township highway commissioner, and that as a result of that situation, Herb suffered a massive coronary, was hospitalized and underwent cardiac surgery.

The criminal charges against Ezra were dismissed by the circuit court on December 2, 1987. In its decision the court noted that the Town of Bureau had no authority to enact the resolution, failed to properly publish the resolution, failed to install the proper signs, and had no authority to impose a fine in excess of $500. This decision was not appealed.

Plaintiffs subsequently filed this action against the defendants under section 1983 of the Civil Rights Act (42 U.S.C. §1983 (1988)) for deprivation of their Federal constitutional and statutory rights and for intentional infliction of emotional distress. Plaintiffs' third amended complaint was dismissed with prejudice, apparently for failure to state a cause of action.

We therefore examine the allegations contained in plaintiffs' complaint, mindful that a complaint should not be dismissed unless it appears that plaintiffs can prove no set of facts that would entitle them to relief. *Little v. City of North Miami* (11th Cir. 1986), 805 F.2d 962, 965.

Count I of plaintiffs' complaint is directed against the Town of Bureau on behalf of Ezra Rumbold and alleges:

"1. That at all times relevant hereto, the plaintiff, Ezra Rumbold, was the owner of two certain International Harvester semi-tractor trailers customarily used to transport grain along and upon the highways of this state.

2. That at all times relevant hereto, the plaintiff, Herb Rumbold, was a farmer operating a grain farm in Bureau Township, Bureau County, Illinois whose grain was in the process of being transported to market at the time of the occurrence herein concerned.

3. That on or about February 2, 1987 the defendant, Town of Bureau, a Municipal Corporation, adopted a certain resolution purporting to restrict the use of public highways by restricting the weight limits of vehicles on township roads within Bureau Township, Illinois. A true, correct and genuine copy thereof is attached hereto, marked Exhibit 'A' and made a part hereof.

4. That between late January, 1987 and February 17, 1987 and on several different occasions between said dates, Herb Rumbold caused grain to be transported from his farm in Bureau Township, Illinois over and across public highways within Bureau Township utilizing the plaintiff's, Ezra Rumbold, aforesaid semi-tractor trailers.

5. That the shipments of grain, as aforesaid, by Herb Rumbold were made with the knowledge of the defendant, Town of Bureau, a Municipal Corporation.

6. That the shipments of grain, as aforesaid, by Herb Rumbold were made with the apparent acquiescence of the defendant, Town of Bureau, a Municipal Corporation.

7. That on February 17, 1987 Herb Rumbold was in the process of transporting grain from his farm and was, at that time, using the aforementioned semi-tractor trailers owned by the plaintiff, Ezra Rumbold, for the purpose of hauling said grain to market.

8. That on two occasions on February 17, 1987, to-wit: 4:15 P.M. and 5:25 P.M., the grain being transported by Herb Rum-

bold in the aforesaid semi-tractor trailers owned by the plaintiff, Ezra Rumbold, were caused to be stopped upon the highway, diverted to another location and the vehicles and the grain impounded and held without the consent of the plaintiff, Ezra Rumbold, all purportedly because of an alleged violation of the aforesaid resolution adopted by the defendant, Town of Bureau, a Municipal Corporation.

9. That when the first of the aforesaid two vehicles was halted at 4:15 P.M., the driver thereof was prevented from radioing or otherwise contacting the driver of the second vehicle in order to advise him and Herb Rumbold and/or Ezra Rumbold that it was not permissible to haul grain over and across said highway at that time. The second of the aforesaid two vehicles consequently completed its loading operations and proceeded upon the highway and was then halted at 5:25 P.M.

10. That the plaintiff, Ezra Rumbold, was afforded no notice by the defendant, Town of Bureau, with respect to the adoption of the aforesaid resolution or with regard to the intention to halt the transportation of grain, to divert the same and the vehicles containing the grain or to impound the vehicles and the grain.

11. That on or about February 19, 1987 the plaintiff, Ezra Rumbold, was named a defendant in two criminal cases filed in the Circuit Court of Bureau County, Illinois as Case Numbers 87—TR—806 and 87—TR—807, both of which were filed on behalf of the defendant, Town of Bureau, a Municipal Corporation, pursuant to citations signed by Richard Eckberg. The combined fine sought from plaintiff, Ezra Rumbold, on account of those two cases was $16,500.00, all due or allegedly due by reason of the violation of the aforesaid resolution. As a direct and proximate result of the actions of the defendant, Town of Bureau, the plaintiff Ezra Rumbold, has been compelled to defend himself in those causes of action, he has suffered embarrassment and his reputation has been besmirched by the accusation of the commission of a criminal offense.

12. That the aforesaid resolution is invalid. Indeed, said resolution was declared invalid by the ruling of the Circuit Court of Bureau County, Illinois in the aforesaid two causes of action and a written opinion to that effect was rendered December 2, 1987 which opinion and determination of the court was not challenged or appealed by the defendant, Town of Bureau, a Municipal Corporation. A true, correct and genuine copy of said

opinion is attached hereto, marked Exhibit 'B' and made a part hereof.

13. That by reason of the premises the plaintiff, Ezra Rumbold, has been wrongfully deprived of his property and the free and lawful use thereof and, in addition, the free and lawful use of the public highways by the plaintiff has been denied, all contrary to the provisions of the Constitution and laws of the State of Illinois and of the United States in violation of Title 42 U.S.C., par. 1983.

14. That the aforesaid action of the defendant, Town of Bureau, a Municipal Corporation, was taken by it under color of statute, custom or usage of the State of Illinois within the meaning and contemplation of the provisions of Title 42, U.S.C., par. 1983.

15. That by reason of the premises, the plaintiff, Ezra Rumbold, has been compelled to retain attorneys to represent him herein and he has become liable for attorneys fees and court costs.

WHEREFORE, and upon such premises, the plaintiff Ezra Rumbold, prays for judgment in his favor and against the Town of Bureau, a Municipal Corporation, for compensatory damages in an amount in excess of $15,000.00, together with all costs of court and reasonable attorneys fees as provided by the provisions of Title 42, U.C.S., par. 1983."

To state a claim under section 1983, plaintiffs must allege facts showing that the defendants acted under color of State law and deprived plaintiffs of a right, privilege or immunity protected by the Constitution or laws of the United States. (*Little*, 805 F.2d at 965.) Local governmental bodies and local officials in their official capacity can be sued under section 1983 when plaintiffs can establish that they have suffered a constitutional deprivation as a result of either "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or a governmental "custom" even though that custom was not formally approved through official channels. *Monell v. Department of Social Services* (1978), 436 U.S. 658, 690, 56 L. Ed. 2d 611, 635, 98 S. Ct. 2018, 2036.

It is clear that count I sufficiently alleges that the Town of Bureau acted pursuant to an officially adopted ordinance or regulation. Less apparent, however, is the nature of the alleged constitutional deprivation suffered by plaintiff Ezra Rumbold. Count I does not allege that the resolution restricting the weight of vehicles on township roads is unconstitutional but rather that the circuit court of Bureau

County found that it was invalid. The circuit court ruled that the Bureau Township Board of Trustees did not have the statutory authority to adopt a resolution affecting township roads, as that authority is vested in the township highway commissioner (see Ill. Rev. Stat. 1987, ch. 121, par. 2—213). The court also found that the resolution was invalid because it was not published (see Ill. Rev. Stat. 1987, ch. 139, par. 41). Finally, the court found that the amount of the fines contained in the resolution exceeded any authority the township possessed to impose such fines (see Ill. Rev. Stat. 1987, ch. 139, par. 39.16 (violation of township regulation may not be punished as more than a petty offense); Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1(a)(4) (fine for a petty offense may not exceed $500)).

■ Liberally construed, count I appears to allege that as a result of the enforcement of the invalid resolution plaintiff Ezra Rumbold's property was unlawfully seized (paragraph 8 of count I), plaintiff's reputation was damaged (paragraph 11), and plaintiff was deprived of his property and the "free and lawful use of the public highways" (paragraph 13), all without notice to plaintiff (paragraph 10). With the exception of plaintiff's claim of damage to his reputation, we believe that these allegations are sufficient to state a cause of action under section 1983 for violation of plaintiff's rights under the fourth and fourteenth amendments (unreasonable seizures) (see *Monroe v. Pape* (1961), 365 U.S. 167, 5 L. Ed. 2d 492, 81 S. Ct. 473) and the due process clause of the fourteenth amendment (deprivation of property and the liberty right to intrastate travel) (see *Lugar v. Edmonson Oil Co.* (1980), 457 U.S. 922, 73 L. Ed. 2d 482, 102 S. Ct. 2744; *Lutz v. City of York* (3d Cir. 1990), 899 F.2d 255). Plaintiff's claim of damage to his reputation, since it is unaccompanied by any allegation of damage to a more tangible interest such as employment or livelihood, is insufficient to invoke the protections of the due process clause. (*Paul v. Davis* (1976), 424 U.S. 693, 47 L. Ed. 2d 405, 96 S. Ct. 1155.) We hold, therefore, that the trial court erred in dismissing count I of plaintiffs' complaint.

Count II is directed against the Town of Bureau on behalf of plaintiff Herb Rumbold and is in all respects identical to count I with two exceptions. Paragraph 13, which alleges wrongful deprivation of property and use of public highways, names Herb Rumbold as the aggrieved party rather than Ezra Rumbold as alleged in count I. In addition, paragraph 11 of count I is replaced by the following allegations in paragraph 11 of count II:

"11. That between February 17, 1987 and February 23, 1987 the plaintiff, Herb Rumbold, repeatedly attempted to determine

the basis for the aforesaid action of the defendant, Town of Bureau, and the basis for the fine being sought all by discussing the over-all situation with Richard Eckberg and with members of the Board of Trustees of the defendant, Town of Bureau. The plaintiff, Herb Rumbold, was advised by a member of the Board of Trustees of the Town of Bureau that he was 'set up by Richard Eckberg.' That on February 23, 1987 the plaintiff, Herb Rumbold, suffered a massive coronary, was hospitalized and subsequently underwent surgery, all as a direct and proximate result of the aforesaid actions of the defendant, Town of Bureau, a Municipal Corporation."

■ We do not consider the allegations above as sufficient to raise any additional claims of constitutional deprivations beyond those asserted in count I. Nevertheless, the allegations contained in count II are sufficient to state a cause of action under section 1983 for unreasonable seizure of plaintiff's property in violation of the fourth and fourteenth amendments and deprivation of property and the liberty right to intrastate travel in violation of the due process clause of the fourteenth amendment. We find that the trial court erred in dismissing count II of plaintiffs' complaint.

■ Count III is directed against Richard Eckberg in his official capacity as highway commissioner of Bureau Township and against the Bureau Township highway commissioner, a municipal corporation, on behalf of Ezra Rumbold. The allegations contained in count III are substantially the same as those contained in count I, except that Eckberg and the Bureau Township highway commissioner, a municipal corporation, are substituted as defendants in place of the Town of Bureau. Since the defendants named in count III are being sued in their official capacities, the analysis of the sufficiency of plaintiff's cause of action under section 1983 is the same as that in count I, with the same result. We find that the trial court erred in dismissing count III of plaintiffs' complaint.

Count IV is also directed against Eckberg in his official capacity and against the Bureau Township highway commissioner, a municipal corporation. Herb Rumbold is the named plaintiff in count IV, and the allegations mirror those in count II, with Eckberg as highway commissioner and the Bureau Township highway commissioner, a municipal corporation, substituted as defendants in place of the Town of Bureau. For the reasons previously stated, we find that the trial court erred in dismissing count IV.

Count V is directed against the Town of Bureau, Eckberg as highway commissioner, and the Bureau Township highway commissioner, a

municipal corporation, on behalf of Ezra Rumbold. Count V realleges paragraphs 1 through 15 of count I and in addition alleges:

"16. The arrest made by or on behalf of one or both of the aforesaid defendants was illegal. Specifically, the individual, Leslie Wooden, attempting to effect said arrest was not a police officer authorized by law to stop or require the plaintiff to submit to weighing of any of the plaintiff's vehicles.

17. Said defendants, by or through the said Leslie Wooden, caused plaintiff's vehicles and grain to be diverted as aforesaid all without actual legal authority but under color of law in violation of Title 42, U.S.C., par. 1983.

18. The plaintiff's actions and doings, as aforesaid, were made [with] the knowledge and acquiescence of the defendant, Richard Eckberg."

■ We believe that count V fails to state a cause of action for two reasons. First, although paragraph 16 refers to an illegal arrest, it does not appear that either Herb or Ezra Rumbold was ever arrested. While paragraph 17 refers to the diversion of plaintiff's vehicles and grain, this allegation merely duplicates the claim of unreasonable seizure contained in counts I through IV. Second, the allegation that defendants acted "by or through the said Leslie Wooden" appears to be an attempt to premise liability on the basis of *respondeat superior*. It is clear, however, that municipalities are not subject to liability under section 1983 on that basis. (*Monell*, 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018.) We hold, therefore, that the trial court did not err in dismissing count V of plaintiffs' complaint.

Count VI is identical to count V except that Herb Rumbold is substituted for Ezra Rumbold as plaintiff. It suffers from the same deficiency as count V and similarly fails to state a cause of action. We affirm the trial court's dismissal of count VI.

Before considering count VII, we will address defendants' argument that municipal corporations are not subject to liability for governmental or legislative functions. As authority, defendants cite the Illinois decisions of *Resnick v. Michaels* (1964), 52 Ill. App. 2d 107, 201 N.E.2d 769, *Merrill v. City of Wheaton* (1942), 379 Ill. 504, 41 N.E.2d 508, and *Forestview Homeowners Association, Inc. v. County of Cook* (1974), 18 Ill. App. 3d 230, 309 N.E.2d 763. These cases, however, are not persuasive because they discuss municipal liability under Illinois tort law rather than liability under section 1983.

■ In *Monell v. Department of Social Services* (1978), 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018, the Supreme Court overruled its prior decision of *Monroe v. Pape* (1961), 365 U.S. 167, 5 L. Ed. 2d

492, 81 S. Ct. 473, and held that municipalities are "persons" to whom section 1983 liability applies, thereby extinguishing the prior holding of absolute immunity for municipal corporations. In so holding, the Court determined that a municipality may be liable under section 1983 for injury inflicted by the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." (*Monell*, 436 U.S. at 694, 56 L. Ed. 2d at 638, 98 S. Ct. at 2037-38.) What the Court left undecided, however, was whether a municipality was entitled to any type of qualified immunity.

In *Owen v. City of Independence* (1980), 445 U.S. 622, 63 L. Ed. 2d 673, 100 S. Ct. 1398, the Supreme Court unequivocally answered the question of municipal corporation liability under section 1983 by determining that a municipality is not entitled to qualified immunity for governmental or discretionary functions. The Court noted that the governmental immunity exception had its roots in the doctrine of sovereign immunity, which had not found favor with the courts. The Court further reasoned:

> "More fundamentally, however, the municipality's 'governmental' immunity is obviously abrogated by the sovereign's enactment of a statute making it amenable to suit. Section 1983 was just such a statute. By including municipalities within the class of 'persons' subject to liability for violations of the Federal Constitution and laws, Congress—the supreme sovereign on matters of federal law—abolished whatever vestige of the State's sovereign immunity the municipality possessed." *Owen*, 445 U.S. at 647-48, 63 L. Ed. 2d at 691, 100 S. Ct. at 1413.

Similarly, the Court discussed the common law doctrine of immunity for legislative or discretionary functions and noted that this theory had its roots in the principle of separation of powers. The Court stated:

> "That common-law doctrine merely prevented courts from substituting their own judgment on matters within the lawful discretion of the municipality. But a municipality has no 'discretion' to violate the Federal Constitution; its dictates are absolute and imperative. And when a court passes judgment on the municipality's conduct in a §1983 action, it does not seek to second-guess the 'reasonableness' of the city's decision nor to interfere with the local government's resolution of competing policy considerations. Rather, it looks only to whether the municipality has conformed to the requirements of the Federal

Constitution and statutes." *Owen,* 445 U.S. at 649, 63 L. Ed. 2d at 692, 100 S. Ct. at 1414-15.

While denying that any type of immunity exists for municipalities, the Court reiterated that qualified immunity does exist for public officials who have acted in good faith. The rationale is that governmental officials would be deterred from making policy decisions if personal liability threatened the officials' decision making process. Nonetheless, a municipality may not rely upon the official's "good faith" immunity as a defense to liability. *Owen,* 445 U.S. 622, 63 L. Ed. 2d 673, 100 S. Ct. 1398.

■ It is clear under *Owen* that the defendant municipal corporations have no immunity. While defendant Eckberg could assert a claim of qualified "good faith" immunity to a suit brought against him in his individual capacity, in this case Eckberg is being sued in his official capacity as highway commissioner. "Since official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent *** local government officials sued in their official capacities are 'persons' under §1983 in those cases in which, as here, a local government would be suable in its own name." (*Monell,* 436 U.S. at 690 n.55, 56 L. Ed. 2d at 635 n.55, 98 S. Ct. at 2035 n.55.) Moreover, local government officials sued in their official capacities, like the governmental bodies they represent, are not entitled to immunity. (See *Owen,* 445 U.S. 622, 63 L. Ed. 2d 673, 100 S. Ct. 1398.) None of the defendants, therefore, can escape any potential liability which may exist under counts I through IV on the basis of immunity.

Finally, count VII is directed against the Town of Bureau, Richard Eckberg as highway commissioner, and the Bureau Township highway commissioner, a municipal corporation, on behalf of Herb Rumbold. Count VII, which purports to state a cause of action for intentional infliction of emotional distress, realleges paragraphs 1 through 15 of count II and contains the following additional allegations:

16. That the plaintiff's actions and doings, as aforesaid, were made with the knowledge and acquiescence of the defendant, Richard Eckberg.

17. The defendants' conduct, as aforesaid, was extreme and outrageous. In particular, the defendant, Richard Eckberg, avoided or evaded the plaintiff, Herb Rumbold, on the day of the occurrence herein concerned and/or concealed himself from the plaintiff, although the said Richard Eckberg was well aware that the plaintiff was in the process of hauling grain during the time period in question.

18. Said conduct by the defendants, as aforesaid, was done with the intention of causing the plaintiff severe emotional distress or in such a fashion that the defendants knew or should have known that there was high probability that their conduct would cause severe emotional distress.

19. The defendants' conduct, as aforesaid, did, in fact, cause the plaintiff to sustain and suffer severe emotional distress in that he suffered a massive coronary within a few days following the issuance of the citations referred to."

This count was added for the first time in the third amended complaint filed February 21, 1990, roughly three years after the date the alleged events took place. Defendants argue that this new theory of recovery should not relate back to the date of filing of the original pleadings. We disagree. Section 2—616 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—616) allows for an amendment of pleadings to add new causes of action so long as the facts giving rise to the new cause of action grew out of the same transaction or occurrence set up in the timely filed original pleading. Thus, the question presented is whether the alleged facts, viewed in a light most favorable to plaintiff, state a cause of action.

In *McGrath v. Fahey* (1988), 126 Ill. 2d 78, 533 N.E.2d 806, our supreme court set forth the elements giving rise to a cause of action for intentional infliction of emotional distress. First, the conduct of defendant must be extreme and outrageous; second, the defendant must intend to inflict severe emotional distress or know that there is a high probability that his conduct will cause severe emotional distress; and third, the conduct must in fact cause severe emotional distress. Mere insults, threats or annoyances are insufficient to form a basis for a cause of action. The degree of power or authority which the defendant has over the plaintiff, however, is a relevant consideration in determining the severity of the conduct. *McGrath*, 126 Ill. 2d 78, 533 N.E.2d 806.

■ From our review of the case law in this area, we believe the facts alleged by plaintiff are insufficient to state a cause of action for the intentional infliction of emotional distress. Here, the defendants certainly were in a position of authority over plaintiff and invalidly used their purported authority to seize plaintiff's grain. Herb, however, was not the party arrested nor was there continuing conduct on the part of the defendants towards Herb compounding the initial wrong. While prior cases do not discuss the matter at length, causes of action have been stated in previous cases where the alleged outrageous conduct consisted of a series of acts over a period of time,

rather than a single occurrence as in this case. (See *McGrath*, 126 Ill. 2d 78, 533 N.E.2d 806; *Van Duyn v. Smith* (1988), 173 Ill. App. 3d 523, 527 N.E.2d 1005.) "The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." (*McGrath*, 126 Ill. 2d at 86, 533 N.E.2d at 809.) While it certainly cannot be denied that defendant's conduct caused plaintiff annoyance, inconvenience and insult, we do not believe the facts alleged support a cause of action for intentional infliction of emotional distress.

In summary, we affirm the order of the trial court dismissing counts V, VI, and VII of plaintiffs' complaint. We reverse, however, the trial court's dismissal of counts I through IV on the basis that the facts adequately allege a cause of action under section 1983 and we remand for further proceedings.

Affirmed in part; reversed in part and remanded.

GORMAN and HAASE, JJ., concur.